

# PRINCE GEORGE'S COUNTY GOVERNMENT

## OFFICE OF LAW

**Angela D. Alsobrooks**
County Executive

**Rhonda L. Weaver**
County Attorney

**Deputy County Attorneys**
Sean G. Dixon
Andrew J. Murray
Joseph C. Ruddy

August 4, 2022

The Honorable Peter J. Messitte
The United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: *Robert Frazier, et. al. v. Prince George's County, Maryland, et. al*.
     Case No. 8:22-cv-1768 PJM

Judge Messitte,

In response to the Court's Order issued during the telephone conference held with the parties on Wednesday, July 27, 2022, Defendant Prince George's County, Maryland respectfully submits the following information addressing the named plaintiffs and the court's inquiry of whether any of them are continuing to be held allegedly in violation of a Court Order issued by the District or Circuit Courts for Prince George's County, Maryland.

  To answer the Court's question directly and succinctly, no.  None of the Plaintiffs that remain at the Prince George's County Department of Corrections (PGCDOC) are being held in violation of a Court Order (nor for that matter, were the previously released named plaintiffs).  As stated during the telephone conference, this case centers on Plaintiffs' confounding contention that the courts' orders and referrals to the County detention center's pre-trial release program are orders for release of detainees despite acknowledgement in their complaint that such orders are not treated, i.e., understood, by either the courts or the facility as orders for release.  Moreover, it is clear from the documents found in the Plaintiffs' criminal case files that the Office of the Public Defender for Prince George's County is using the instant civil suit as an effort to circumvent the state court rulings on bail decisions made in serious felony cases.

  The named Plaintiffs in this matter are Robert Frazier, Anibal Hernandez, D.P. (a minor), Christopher Butler, Miramba Williams, Donnell Davis, Leslie Sharp, Elmer Laguna-Salinas and Adrienne Worthington.  Below are each named Plaintiff's criminal charges, dates of commitment hearing, dates of bond review hearings and conditions of release, if any, and release dates (if released). Attached are copies of the commitment documentation, bond review and conditions for release, if any.

1. **<u>Robert Frazier</u>** (Exhibit A)

    a. <u>Date of Arrest</u>: 05/28/22

b. <u>Charges</u>:

- Handgun in vehicle – CR §4-203
- Knowingly Alter Firearm ID No. – PS § 5-144 ((a)(2))
- Loaded Handgun in Vehicle – CR § 4-203((a)(1)(v))
- Illegal Poss. Ammo – PS §5-133.1
- Un-registered Firearm: Illegal Possession – PS §5-133((b))
- Firearm possession w/felony conviction – PS §5-133(c)
- Driving w/o current tags – TA §13-411(d)
- Operating unregistered vehicle – TA§ 13-410(b)(1)
- Knowingly driving uninsured vehicle – TA§ 17-107(a)(1)
- Displaying expired registration plate(s) issued by any state – TA §13-411(f)
- Driving/attempting drive motor vehicle on hwy w/o reg. license and authorization – TA §16-101 (a)(1)
- (Displaying, permitting to be displayed) reg. plate(s) issued for (for other vehicle, to other person) TA §13-411(g)
- Owner failure to maintain required security for vehicle during reg. period – TA §17-104
- Unauthorized display and use of reg. plate – TA §13-703(g)

c. <u>Court Dates</u>

- 05/29/22 – Initial Appearance. No bond.
- 05/31/22 –Bond Review Hearing. No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- 06/21/22 – Bond Review Hearing. No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- 06/28/22 – Bond Review Hearing. No bond or PTR option Level 4 – no contact with witness/codefendant, stay away from LOI, no possession or be near firearms.
- 07/14/22 – Indicted by Grand Jury.
- 7/19/22 – held no bond or Court ordered PTR Level #4 – no contact with victim/witnesses/codefendant; stay away from LOI or be near any firearms. Not to possess any firearms or ammo.
- **Frazier not released due to Detainer - Arlington Co., VA (fleeing and eluding).**

2. **Anibal Hernandez** – **No longer in custody**. (Exhibit B)

- <u>Date of Arrest</u>:  06/22/22

- <u>Charges</u>:
- CDS: Poss w/I Dist. Narc. – CR §5-602(2)
- CDS: Import into State – CR §5-614
- CDS: Possess – Not Marijuana – CR §5-601(a)(1)

2

- CDS: Poss Marijuana 10 GM+ - CR§5-601(a)(1)
- Firearm/Drug Traf. Crime – CR §5-621(b)(1)

c. Court Dates

- ➢ 06/23/22 – Initial Appearance Hearing
- ➢ 06/24/22 – Bail Review Hearing
  - No bond
  - PTR Ordered – verify address before release
  - No possession of weapons, CDS, ammo.
- ➢ 07/13/22 – **DOC letter to Court advising no verifiable address. District Court receives, reviews and sets case in for an additional bail review hearing.**
- ➢ 07/25/22 – Bail Review Hearing
- ➢ **07/25/22 – Preliminary Hearing held. Probable cause found for all counts. Bail review requested and held. Court advised the PTR could only release upon verification of address that has not occurred. Court ordered case bond in the amount of $5,000/10% option, no possession of CDS, weapons, firearms, and ammo.)**
- ➢ **Defendant Released.**

3. **D.P. – 16 years-old – No longer in PGCDOC custody.** (Exhibit C)

- Date of Arrest: 06/17/22.

- Charge:
- Armed Robbery – CR §3-403
- Robbery – CR§ 3-402
- Theft – CR 7-104
- Firearm Use/Fel-Viol Crime – CR §4-204(b)
- Dangerous Weapon on school Property CR §4-102
- Assault 1st degree – CR§ 3-202
- Poss of firearm minor – PS §5-133(d)
- Court Dates
- ➢ 06/16/22 – Initial Appearance, no Bond.
- ➢ 06/21/22 - Bail Review Summary
  - Bond to remain same.
  - PTR – Option at Level 4; stay away from location of incident (Potomac High School) and no contact with victim.
- ➢ 06/28/22 – Preliminary Hearing – Probable cause found on all counts; Bond Review, bond to remain same; PTR level 4 allowed but no ordered.
- Defendant is a minor and shall be held in a juvenile facility. Transferred to Cheltenham juvenile facility located in Clinton, MD. (state).
- ➢ 07/28/22 – State NP Count 1 and Count 5. Bond remains the same.

- **D.P. not released due to Detainer – Arlington, Co., Virginia.**

4. **Christopher Butler - Never Referred to Pretrial Service** (Exhibit D)

   - Date of Arrest: 10/26/21.

   - Charges:
   - Murder – 2nd degree – CR §2204
   - Manslaughter – CR § 2207(a)
   - Assault 1st degree – CR§ 3-202
   - Firearm use/fel- vol crime – CR §4-204(b)

   c.. Court Dates

   - 10/27/21 – Initial Appearance, bail review, no bond.
   - 10/28/21 – Bond Review Hearing – No Bond.
   - 10/29/21 – Bond Hearing – No bond -
   - 11/18/21 – Indicted
   - 02/18/22 – Bond Hearing held.

5. **Miramba Williams** (Exhibit E)

   - Date of Arrest: 06/30/22.

   - Charges
   - CDS: Poss Marijuana 10 GM+ - CR §5-601(a)(1)
   - CDS poss w/int to Dist. – CR §5-602
   - Handgun in vehicle – CR §4-203
   - CDS: Dist etc. w/ firearm – CR 5-621(b)(2)
   - Firearm/Drug Traf Crime – CR § 5-621(b)(1)
   - Reg Firearm: Illegal possession – PS §5-133(b)
   - Loaded Handgun in Vehicle – CR §4-203(a)(1)(v)
   - Illegal Poss Ammo – PS§ 5-133.1
   - Firearm use/fel – viol crime – CR §4-204(b)

   - Court Dates
   - 07/01/22 – Initial Appearance Hearing – No bond.
   - 07/01/22 – **Pretrial Release Determination – Found not eligible for Pretrial Release because of active probation and detainer for Montgomery Co., MD.**
   - 07/05/22 – Bail Review Hearing - No bond; PTR option at any level – do not possess any weapons, firearms or ammo. No use of alcohol, drugs, or controlled substance.
   - **Prior convictions: regulated firearm: illegal poss.; probation ending 10/28/22; Active protective order exp. 5/13/23.**

6. **Donnell Davis** (Exhibit F)

   - Date of Arrest:  10/09/20.

   - Charges:
   - Assault 1st Degree CR§3-202
   - Assault 2nd Degree CR §3-202

   - Court Dates
   - 10/08/20 – Initial Appearance. No bond.
   - 10/09/20 – Bond Hearing - No Bond or PTR Level 4 with complete PTSU interview. Level 4 can be cell, must verify address before release, stay away.
   - **10/28/20 – Pretrial Service notification that No PG address and thus, not eligible for Pretrial Release at Level 4**.
   - 11/09/20 – Preliminary Hearing.  Count 1 NP.  Bond Hearing – Bond remain the same.  No Bond or PTR option Level 4 with complete PTSU interview. PTSU verify address before release; no contact with victim and LOI.
   - 12/16/20 – Bond Hearing – No bond or PTR option at any level with condition of stay away from victim.
   - 01/07/21 – Released upon finding of not guilty.

7. **Leslie Sharp**  (Exhibit G)

   - Arrest Date: 06/11/21

   - Charges:
   - Assault – 2nd degree – CR §2-203

   - Court Dates
   - 06/12/21 – Initial Appearance.  No bond.
   - 06/14/21 – Bail Review Hearing. No Bond or Option  PTR – Level 4 – No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
   - 06/24/21 – Bail Review Hearing.  No Bond or ordered PTR – Level 4 – No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
   - 06/30/21 – **Pretrial Services found not eligible for PTR due to D.C., detainer for violation of probation n PWID/Poss. Of Firearm.  Probation agent informed PTR that Sharp has been arrested twice in 30 days.**

- ➢ 07/14/22 – Bail Review Hearing.  No bond or PTR Option -Level 4 - No contact with victim/residence, place of employment, location 3590 Powder Mill Road, Beltsville; no weapons, firearms, ammo, alcohol.
- ➢ 07/22/22 – Trial – Verdict – Nolle Prosequi.  Released.

8. **Elmer Laguan-Salinas**  (Exhibit H)

   a. Date of Arrest:
   - Case No. 1 – 3E00732028 – 03/15/22

   b. Charges:
      a. Assault 2nd degree – CR§ 3-203. (Case No. 1 - 3E00732028)
      b. Disorderly Conduct – CR §10-201(c)(2) (Case No. 1 - 3E00732028)
   c. Court Dates
   - 03/16/22 – Initial Appearance.  $2,500 and 10% acceptable.
   - 03/17/22 – Bond Review Hearing – Same bond; stay away, no contact, no weapons, CDS, ammo.
   - 05/25/22 – Nolle prosequi.

   a. Date of Arrest:  Case No. 2 – 1E00721379 – 03/16/22 (arrest warrant served at DOC.)

   b. Charges:
   - Attempted Home invasion. (Case No. 2 - 1E00721379)
   - Assault – 1st Degree – CR §3-202 (Case No. 2 - 1E00721379)
   - Firearm Use -felony violent crime - CR §4-204(b) (Case No. 2 - 1E00721379)
   - Firearm possession with felony conviction – PS §5-133(c) (Case No. 2 - 1E00721379)
   - Reckless Endangerment – CR §3-204(a)(1) (Case No. 2 - 1E00721379)
   - Reg. Firearm:  illegal possession – PS §5-133(B) (Case No. 2 - 1E00721379)
   - Handgun on person – CR§4-203(Case No. 2 - 1E00721379)

   c. Court Dates
   - ➢ 03/16/22 – Initial Appearance and Defendant committed.
   - ➢ 03/17/22 – Bail Review **(BOTH CASES)** -Defendant Committed. No bond with PTR Option, Level 4, must verify address before release.  Stay away ordered.
     -Conditions of no contact with victims and stay away from residence and place of employment. No ownership or possession of weapon, firearm, ammo, or CDS.
   - ➢ 04/15/22 – Preliminary Hearing – No probable cause for 1st degree Assault.  Bond Review Hearing, no bond, or Level 4 with verified address and stay away.
   - ➢ 05/12/22 –Hearing – State NP Count 4, Bail Review in light of change.  No bond and no PTR option.

> **06/17/22 – Released from commitment on unsecured person bond in the amount of $25,000**. **No contact, no weapons.**

d. **Adrienne Worthington – No longer in custody.**  (Exhibit I)

   a. <u>Date of Arrest:</u>  12/23/21.

   b. <u>Charges:</u>
   - Assault 1st degree – CR § 3-202
   - Assault 2nd degree – CR §3-203

   c. <u>Court Dates</u>
   > 12/24/21 – Initial Appearance Hearing. No bond.
   > 12/27/21 – Bail Review Hearing – No bond.
   > 12/28/21 - Bail Review Hearing
   >   - No bond.
   >   - PTR option – no contact with victim/witness/co-defendants; stay away from LOI; no guns, ammo or CDS.  Court did not order PTR and did not order private home detention.
   > 12/30/21 – Motion for Bail Review Hearing filed.
   > Approved for Electronic Monitoring on 01/07/22.
   > 01/24/22 – Preliminary Hearing held.  Count 1 NP, NO CDS, weapons, firearms, ammo.
   > 02/02/22 – Motion Bail Review Hearing filed. Hearing granted on 02/07/22.
   > **02/09/22 – Bail Review Hearing held and PTR  was modified to an $15,000 unsecured bond, no contact stay away. Approved for Electronic Monitoring but had PTR release status changed to unsecured bond in the amount of $15,000. Required to live at Restore Community Development Corp..**

As the Court can see, none of the named plaintiffs are being held in violation of a court order.  Local criminal defense counsel and the Office of the Public Defender are very familiar with the pretrial practices used in Prince George's County and that these practices have been established for years, if not decades.  If or when a criminal defendant is found not eligible for pretrial release, written notice of the individual's ineligibility is submitted back to the Court notifying the Court as to why the defendant is currently ineligible for pretrial release.  The same notification/correspondence is forwarded to designated attorneys assigned to the Office of the Public Defender (OPD).  The OPD's designated attorneys forward a copy, of the court correspondences, to private defense counsel, for their specific client(s).  Either the assigned public defender or private defense counsel can then has the ability to file a motion whereas another bond review hearing can be requested and scheduled.   If the Court grants the motion, then the Court can  make any modification it deems appropriate to the pretrial conditions. Counsel for the criminal defendants are often aware of their client's ineligibility from contact with Pretrial Services regarding the status of the investigation and/or to provide information to assist in the investigation.

Moreover, docket entries for cases of some of the named Plaintiffs show that the Office of the Public Defender periodically filed motions for bond review hearings. These filed motions for bond review hearing were granted by the District Court in each one of these cases. Finally, the Court should note that even where a detainee is "released from custody" in the pre-trial service program, i.e., does not have to await trial within the walls of the correctional facility, that detainee remains in the custody of the department of corrections as a result of the court's commitment of the detainee to the department of corrections. This is why detainees are supervised by investigators assigned to their cases and why the court's commitment orders require the department of corrections to produce the detainees for future court hearings (unless the detainee previously posts the bail set by the court).

Sincerely,

Shelley L. Johnson
Associate County Attorney
*Counsel for Defendant*

Attachments