IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| ROBERT FRAZIER, *et al.*, individually and on behalf of a class of similarly situated persons,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>PRINCE GEORGE'S COUNTY, MARYLAND, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 8:22-cv-1768 PJM |

**PLAINTIFFS' OPPOSITION TO DEFENDANT PRINCE GEORGE'S COUNTY'S MOTION TO STAY PROCEEDINGS (DOC. 121)**

Plaintiffs have appealed to the Fourth Circuit on a single, narrow issue: Did this Court abuse its discretion by denying the Motion for a Preliminary Injunction without making factual findings or applying such findings to relevant law? The Fourth Circuit's answer to this question will not affect who is a Defendant in this case, whether this case proceeds to discovery, what issues will be explored in discovery, or whether permanent relief is appropriate. An indefinite, wholesale stay of proceedings in this Court while the Fourth Circuit considers the collateral issue of preliminary relief will simplify nothing, but rather delay the inevitable. As such, the County's requested stay would subvert judicial economy, not promote it. And the only "harm" the County would suffer absent a stay would be having to litigate this matter now, rather than months or years from now, while a stay would substantially burden Plaintiffs and putative class members by continuing to subject them to unconstitutional pretrial detention. The County has not carried its heavy burden to justify such a momentous request, and Plaintiffs respectfully ask this Court to deny the motion to stay.

## BACKGROUND

Plaintiffs represent a putative class of persons who were judicially authorized for release, but nevertheless remained detained, in the Prince George's County Jail. On the same day that they filed their Complaint, Plaintiffs Robert Frazier, Anibal Hernandez, D.P., Christopher Butler, and Miramba Williams—who were at that time in jail—moved on behalf of themselves and those similarly situated[1] for a preliminary injunction against Defendants Prince George's County and several County officials in their official capacities. *See* Doc. 2. The Proposed Preliminary Injunction would enjoin the County and its officials, in their role as the custodians of the County Jail,[2] "from detaining at the Prince George's County Detention Center any person who has been arrested for a criminal offense and who has not received" constitutionally due process, as defined by Plaintiffs' proposed order. Doc. 2-3. Such injunctive relief has been issued against jailers in cases around the country where those jailers were detaining people in violation of their constitutional rights. *See, e.g.*, *Torres v. Collins*, No. 2:20-CV-00026, 2020 WL 7706883 (E.D. Tenn. Nov. 30, 2020) (preliminarily enjoining County Sheriff from detaining any person who had not received constitutionally due process); *McNeil v. Cmty. Prob. Servs., LLC*, No. 1:18-CV-00033, 2019 WL 633012, at *17 (M.D. Tenn. Feb. 14, 2019), *aff'd,* 945 F.3d 991 (6th Cir. 2019) (same); *Rodriguez v. Providence Cmty. Corr., Inc.*, 155 F. Supp. 3d 758 (M.D. Tenn. 2015) (same); *cf. Ortega-Melendres v. Arpaio*, 836 F. Supp. 2d 959 (D. Ariz. 2011) (preliminarily enjoining

---

[1] Under well-settled law, class-wide preliminary relief may be granted before a class has been certified. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, 409 F. Supp. 3d 367, 376 (D. Md. 2019).

[2] To be clear, the County and its officials occupy two roles relevant to this lawsuit. First, officials within the County Department of Corrections ("CDOC") have promulgated policies, and regularly engage in decision making, regarding whether persons "authorized" for release will actually be released, and if so when and on what conditions. Second, the Director of the CDOC is the custodian of the County Jail. In this second capacity, the County and its officials can properly be enjoined from detaining persons who have not received constitutionally due process, pursuant to *Ex parte Young*, 209 U.S. 123 (1908), as courts did in *Torres*, *McNeil*, and the other cases cited *supra*.

County Sheriff from detaining any person arrested for not being lawfully present in the United States). Indeed, as the Sixth Circuit explained in affirming a preliminary injunction that prohibited a county sheriff from enforcing unconstitutional bail orders, "[t]here are plenty of cases allowing injunction actions like this one." *McNeil v. Cmty. Prob. Services, LLC*, 945 F.3d 991, 996 (6th Cir. 2019); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) ("[T]he availability of prospective relief of the sort awarded in *Ex parte Young* gives life to the Supremacy Clause.").

The County responded to Plaintiffs' Motion for a Preliminary Injunction, and Plaintiffs replied. *See* Docs. 64-1, 72. This Court declined to hold a hearing on the motion. *See* Doc. 80. After a scheduling conference on March 2, 2023, the Court denied Plaintiffs' Motion for a Preliminary Injunction in a single-paragraph order "for the reasons stated on the record during the March 2, 2023 telephone conference." Doc. 108. Plaintiffs appealed that order, *see* Doc. 119, presenting a single narrow issue on appeal: Did the District Court abuse its discretion by denying Plaintiffs' Motion for a Preliminary Injunction without making specific findings of fact or applying the presented evidence to the relevant law? *See* Docketing Statement, *Frazier v. Prince George's County*, No. 23-6359 (4th Cir. 2023), Doc. 8, at 3. Notwithstanding the limited scope of Plaintiffs' appeal, the County now moves for an indefinite stay of all proceedings in this Court. *See* Doc. 121.

## ARGUMENT

As a "general proposition," "an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits." *U.S. v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963); *see also District of Columbia v. Trump*, 344 F. Supp. 3d 828, 843 (D. Md. 2018), *vacated on other grounds,* 838 F. App'x 789 (4th Cir. 2021) ("The presumption . . . is against a stay." (citation omitted)). As such, "[o]n a motion to stay discovery pending an interlocutory appeal, the movant bears the burden of establishing its need for a stay and does not

3

enjoy an automatic stay as a right." *Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019) (internal citations & quotations omitted). "The party seeking a stay must justify it by *clear and convincing circumstances* outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (emphasis added).

Courts look to several factors in determining whether to stay district court proceedings during the pendency of an appeal: (1) "the length of the requested stay," (2) "the hardship that the movant would face if the motion were denied," (3) "the burden a stay would impose on the nonmovant," and (4) "whether the stay would promote judicial economy by avoiding duplicative litigation." *In re Mut. Funds Inv. Litig.*, No. 04-MD-15862, 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011) (citations omitted). Here, the County has not carried that burden. Each of the four factors counsels against an indefinite, wholesale stay of these proceedings while the Fourth Circuit considers Plaintiffs' narrow appeal.

**1. The Length of the Requested Stay Is Indefinite**

The County requests a stay of proceedings in this Court untethered to a date-certain, for as long as it takes the Fourth Circuit to decide Plaintiffs' appeal. *See* Doc. 121 at 3. The County states that "the length of the stay is not expected to be long because typically resolutions of the type of interlocutory appeals here are resolved rather quickly by the Fourth Circuit Court of Appeals." *Id.* at 2. Contrary to the County's conclusory assertion, the parties have no way of knowing at this juncture how long the appeal will take. Experience creates "doubt[] [that] the length of the stay would be reasonable." *Stone*, 402 F. Supp. 3d at 161. *See, e.g.*, *Grimmett v. Freeman*, No. 22-1844 (4th Cir. 2023) (six months between docketing and decision of appeal of denial of preliminary injunction); *Air Evac EMS, Inc. v. Allan McVey*, No. 21-1301 (4th Cir. 2022) (fifteen months to

review preliminary injunction appeal); *Miranda v. Garland*, No. 20-1828 (4th Cir. 2022) (twenty-eight months to review preliminary injunction appeal).

The pending appeal is in its infancy. No briefs have yet been filed, nor has the Fourth Circuit scheduled oral argument. The Fourth Circuit's briefing order has the final brief filed after the final sitting of this term,[3] so it is likely that the Fourth Circuit will not decide the appeal quickly. *Cf. Oregon v. Azar II*, No. 6:19-CV-00317, 2019 WL 9045195, at *1 (D. Or. Sept. 17, 2019) (staying proceedings pending appeal because "the Ninth Circuit has indicated that it will hear the merits of the injunction at oral argument . . . just one week away—and proceed 'expeditiously'"). The length of the requested stay is uncertain, but likely not fleeting. This factor counsels against a stay.

**2. Defendants Would Not Face Any Notable Hardship Without a Stay**

The Supreme Court has counseled that "if there is even a fair possibility that [a] stay . . . will work damage to some one else," the movant for the stay "must make out a clear case of hardship or inequity." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The County complains that "it would be required . . . to litigate essentially the same case in two separate forums simultaneously," absent a stay. Doc. 121 at 2. But the County forgets the substance of Plaintiffs' appeal. Again, Plaintiffs have appealed only the narrow question of whether it is an abuse of discretion to deny a preliminary injunction without making findings of fact and applying them to the relevant law. The issue of whether preliminary relief is warranted, on the record that Plaintiffs

---

[3] The Fourth Circuit will hear arguments on June 6, 2023, and then not again until September 19. *See* U.S. COURT OF APPEALS FOR THE FOURTH CIRCUIT, ORAL ARGUMENT CALENDAR, https://www.ca4.uscourts.gov/oral-argument/oral-argument-calendar. The briefing schedule on Plaintiffs' appeal has the response brief due on June 23, 2023, and the reply 21 days thereafter. *See* Briefing Order, *Frazier v. Prince George's County*, No. 23-6359 (4th Cir. 2023), Doc. 9. While Plaintiffs have moved for expedited disposition, the Fourth Circuit has not yet ruled on that request.

submitted when this case commenced, is collateral to the issue of whether permanent relief is warranted, after the benefit of full discovery. As such, the parties will not be litigating "essentially the same case" in the District Court and Fourth Circuit "simultaneously." *See also infra* section 4.

The only "hardship" the County will face without a stay is having to defend itself against Plaintiffs' allegations now, rather than later. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Sunbeam Prod., Inc. v. Hamilton Beach Brands, Inc.*, No. 3:09-CV-791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010) (same). "[T]he mere fact that [an] action will go forward is an insufficient reason to warrant a stay." *ePlus, Inc. v. Lawson Software, Inc.*, No. CIV. 3:09-CV-620, 2010 WL 1279092, at *4 (E.D. Va. Mar. 31, 2010). And "unlike certain private parties, the Government has the resources to litigate without significant hardship or prejudice. Accordingly, this factor does not weigh in favor of a stay." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 735 (D. Md. 2018).[4]

### 3. A Stay Would Place a Substantial Burden on Plaintiffs

A wholesale stay of the proceedings in this Court would impose a devastating burden on Plaintiffs. Absent anything more, "[t]hat Plaintiffs have had to wait more than a year for discovery to move forward in this case has imposed a burden on them." *Stone*, 402 F. Supp. 3d at 161. The facts of this particular case only increase that burden. At the core of Plaintiffs' claims is that "every

---

[4] The Judge Defendants are not a party to the appeal. Nevertheless, the County complains of "the burden and potential prejudice to the Judicial Defendants," whom it speculates "may appeal" at some undefined, later time "because the relief requested in Plaintiffs' Preliminary Injunction Order requires action on the part of the Judicial Defendants." Doc. 121 at 2. But Plaintiffs' Proposed Injunction does not require anything of the Judge Defendants. *See supra* at 2–3 & n.2. Nor would the Judge Defendants have standing to appeal an injunction that does not run against them.

day of pretrial detention inflicts additional, irreparable harm against both detained persons and their communities." Doc. 1 ¶ 138; *see also id.* ¶¶ 126–37. As the Supreme Court has explained:

> [Pretrial detention] often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those persons who are ultimately found to be innocent. Finally, even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.

*Barker v. Wingo*, 407 U.S. 514, 532–33 (1972).

Plaintiffs submitted substantial evidence of the harms they have suffered while jailed awaiting trial when they filed this case and moved for preliminary relief nine months ago. *See* Doc. 8 at 23–24, 35–39; Docs. 2-3–2-49. "Recent events only underscore the need for urgency." Doc. 114 at 2. This February, seven months after Plaintiffs filed, "a 25-year-old woman who had been authorized for release and referred to the Pretrial Division—thereby making her a member of the putative class—died at the Prince George's County Jail while waiting for the Division to process her case." *Id.* This tragedy highlights the burden on Plaintiffs and putative class members.

The County states that "it is unknown what burden a stay would impose on the Plaintiffs" because only Plaintiff Christopher Butler remains detained pursuant to a pretrial referral. Doc. 121 at 2. The County again forgets that this is a putative class action. It did not cease to become one simply because this Court denied Plaintiffs' Motion for Class Certification without prejudice and *with instructions to re-file the motion* once the pending motions for reconsideration are resolved. *See* Doc. 104. *Cf. U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980) (holding that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied," and that if "a class

subsequently is properly certified, the merits of the class claim then may be adjudicated"). And this Court has already found that, even if all the Named Plaintiffs were to be released, "Plaintiffs can fairly invoke the 'inherently transitory' exception, which allows courts to exercise jurisdiction over claims that are likely to become moot before the court can reasonably be expected to rule on them" because "[p]retrial detention is a classic example of an inherently transitory claim." Doc. 90 at 21 (citing *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975); *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)). As such, it is the harm not just to the Named Plaintiffs, but also to the hundreds of putative class members they seek to represent, that matters for purposes of the Court's analysis. *See, e.g.*, *Mullins v. Cole*, 218 F. Supp. 3d 488 (S.D.W. Va. 2016) (considering harms to putative class as a whole in granting preliminary injunction prior to class certification).

"A party seeking a stay must demonstrate a pressing need for one, and that the need for a stay outweighs any possible harm to the nonmovant." *Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. CV PX 16-1113, 2017 WL 3023282, at *1 (D. Md. July 17, 2017) (internal citations omitted). The County has not shown a "pressing need," let alone one that outweighs the documented, ongoing harm to the hundreds of persons detained awaiting trial despite having been judicially authorized for release. The "human aspects of the needs" of these hundreds of illegally detained persons outweigh any "practical problems" that engaging in discovery would pose to the County. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127–28 (4th Cir. 1983). "A stay under such circumstances would work manifest injustice." *Id.* As such, this factor weighs strongly against a stay.

### 4. Staying District Court Proceedings Would Subvert, Not Promote, Judicial Economy

"The requested stay . . . would not serve judicial economy for the simple reason that [Plaintiffs'] success on appeal would neither terminate nor narrow the case nor would it foreclose discovery relevant to proving, to at least some extent, Plaintiffs' claimed injuries." *District of Columbia*, 344 F. Supp. 3d at 843. Again, Plaintiffs raise a single, narrow issue on appeal: Did the District Court abuse its discretion in denying Plaintiffs' motion for a preliminary injunction? If the Fourth Circuit affirms, this case will proceed to discovery on the merits of Plaintiffs' claims. If the Fourth Circuit remands, this case will proceed to discovery on the merits of Plaintiffs' claims. If the Fourth Circuit reverses, this case will proceed to discovery on the merits of Plaintiffs' claims. Staying the proceedings in this court will only delay the inevitable.

The Fourth Circuit's decision not only has no bearing on the process that will play out in this Court; it is also only tangentially related to its outcome. "It is true that in reviewing any preliminary injunction order, the appellate court must preview the merits of the case." *California v. Azar*, No. 19-CV-01184, 2019 WL 2996441, at *1 (N.D. Cal. July 9, 2019). But Courts of Appeals have "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *Id.* (citing *California v. Azar*, 911 F.3d 558, 583–84 (9th Cir. 2018)) (cleaned up). "Because of the limited scope of appellate review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court," the Fourth Circuit's disposition of the preliminary injunction appeal "may provide little guidance as to the appropriate disposition on the merits." *Id.* Regardless of what the Fourth Circuit decides with respect to the preliminary injunction, this Court will decide whether Plaintiffs are entitled to permanent relief with the benefit of discovery and a more complete record that "will ground the litigation going forward." *Id.*

9

An appeal of a preliminary injunction order "should not ordinarily delay the final trial of the case on its merits." *Lynd*, 321 F.2d at 28; *see also Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906) (same); *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012) (same); *U.S. v. Price*, 688 F.2d 204, 215 (3d Cir. 1982) (same); *Soc. for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975) (same); *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) (same). "Interlocutory injunction appeals would come at high cost if the trial court were required to suspend proceedings pending disposition of the appeal. The delay and disruption alone would be costly." WRIGHT & MILLER, 16 FED. PRAC. & PROC. JURIS. § 3921.2 (3d ed.). Because a stay pending appeal would subvert judicial economy, this factor weighs strongly against a stay.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the County's motion to stay the proceedings in this Court and allow discovery to proceed after the Motions to Reconsider are resolved, as planned.

Respectfully submitted this 20th day of April, 2023.

/s/ Ellora Thadaney Israni
Ellora Thadaney Israni*
Ryan Downer*
Jeremy D. Cutting*
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
(202) 894-6132
ellora@civilrightscorps.org

/s/ Seth Wayne
Seth Wayne*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
AND PROTECTION
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Ave. NW
Washington, D.C. 20001
(202) 662-9042
sw1098@georgetown.edu

Edward Williams (D. Md. Bar 20944)
Matthew Martens*
Thomas Bredar (D. Md. Bar 21635)
Ellen Connell*
Donna Farag*
Ayana Williams*
Sonika Data*
Britany Riley-Swanbeck (D. Md. Bar 21843)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6487
ed.williams@wilmerhale.com
matthew.martens@wilmerhale.com

Robert Boone*
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
robert.boone@wilmerhale.com

* admitted *pro hac vice*

*Counsel for Plaintiffs*

Timothy Perla*
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
timothy.perla@wilmerhale.com