## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT FRAZIER, *et al.*, individually and on
behalf of a class of similarly situated persons,

     Plaintiffs,

     v.

PRINCE GEORGE'S COUNTY,
MARYLAND, *et al.*,

     Defendants.

Civil No. **22-1768 PJM**

### MEMORANDUM OPINION

This putative class action has been brought by current and former detainees charged with

crimes in Prince George's County, Maryland against Defendants Prince George's County,

individual Prince George's County officials, and Maryland state court judges sitting in Prince

George's County. It challenges the process by which pretrial release determinations are

accomplished in Prince George's County.

In its Memorandum Opinion dated January 24, 2023 (ECF No. 90), the Court granted in

part and denied in part the Motions to Dismiss of the County (ECF No. 64) and of the Judge

Defendants (ECF No. 66). The Court dismissed all claims of Plaintiffs Frazier, Hernandez,

Davis, D.P., Sharp, and Worthington, who were no longer being held as of the date of its

Opinion (the "Released Plaintiffs"), as well as the claims for monetary damages of the remaining

1

"Detained Plaintiffs" (Butler, Williams, and Laguan-Salinas[1]).  The Court preserved the claims of the Detained Plaintiffs against all remaining Defendants for prospective equitable relief.

On February 21, 2023, Plaintiffs filed a Motion for Reconsideration Under Rule 54(b) (ECF No. 97-2) and the Judge Defendants filed a Motion for Clarification and Reconsideration or, in the Alternative, to Substitute Defendant Proper Parties (ECF No. 98), both of which have been fully briefed.[2]

With leave of court, on April 28, 2023, the County filed a Revised Pretrial Release Standard Operating Procedure (SOP), then requested dismissal of the case based on its view that the new process resolved Plaintiffs' concerns and therefore rendered this lawsuit moot.  ECF No. 124.  Plaintiffs argue that the new process remains constitutionally deficient.  ECF No. 126.

Having reviewed the parties' briefing on the Motions for Reconsideration and on the Revised Pretrial Release SOP, the Court **DENIES** the Motions for Reconsideration (ECF Nos. 97-2, 98) as well as the County's renewed request to dismiss Plaintiffs' Complaint (ECF No. 124).

## I.  BACKGROUND

The background and procedural history of this case are set forth in detail in the Court's Memorandum Opinion on the Motions to Dismiss, which the Court incorporates by reference. *See* Mem. Op. (Jan. 24, 2023), ECF No. 90.  To recap in brief: any individual, including Plaintiffs, who is arrested in Prince George's County is entitled to receive a prompt bail review

---

[1] When the Court issued its Memorandum Opinion on the Motions to Dismiss on January 24, 2023, ECF No. 90, it was unaware that Laguan-Salinas had been released and therefore erroneously categorized him as a "Detained Plaintiff."  Because Laguan-Salinas was released before January 24, 2023, he is dismissed from this case.  Because Butler and Williams remained detained on January 24, 2023, they will continue as named Plaintiffs regardless of their custody status at present or in the future.

[2] The County did not file its own Motion for Reconsideration but responded in opposition to Plaintiffs' Motion.

hearing before a judge of the District or the Circuit Courts of the County. According to Plaintiffs, while the judge initially decides whether pretrial release or detention of the defendant is appropriate, in reality actual release of the individual occurs only when the Pretrial Division of the County determines that the individual satisfies certain eligibility criteria. And, Plaintiffs contend, the Pretrial Division is in practice making the release decisions on its own, based on vague and arbitrary factors, and, in any event, is taking too long to make its decisions. All the while the individual detainee remains in custody. As indicated, Plaintiffs persist in their challenge to the constitutionality of the recently revised Pretrial Release SOP.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of orders that do not constitute final judgments in a case, such as the Court's Order granting in part and denying in part Defendants' Motions to Dismiss. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b). Reconsideration of a non-final order under Rule 54(b) is left to the discretion of the district court. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). The end goal of reconsideration "is to reach the correct judgment under law." *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010).

## III.  DISCUSSION

A.    Plaintiffs' Motion for Reconsideration

Plaintiffs seek to reinstate their claims for monetary damages against the County on the grounds that quasi-judicial immunity is an individual defense not available to municipalities. They cite case law to the effect that, as a rule, a municipality is not entitled to absolute immunity under § 1983.  *See* Pls.' Mot. Recons., ECF No. 97-3 at 4–6 (collecting cases).  As a general proposition, the Court agrees that municipalities are not immune from suit under § 1983.  But the Court views what is involved here as something different.

The Supreme Court has long directed courts to determine immunity from suit based on the function an entity performs, not merely the formal name of the entity.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *Forrester v. White*, 484 U.S. 219, 229 (1988); *Burns v. Reed*, 500 U.S. 478, 485 (1991).  In this circumstance, Prince George's County, at least as the Court understands the current process, appears to be functioning as a county in name only: in fact, its involvement in the pre-trial release process "constitutes nothing less than the extension of a judicial function."  Mem. Op. (Jan. 24, 2023), ECF No. 90 at 17.  That factual distinction, in the Court's view, distinguishes what the County does here from those functions typically implicated in § 1983 lawsuits.  Nothing in the suit, as it stands, suggests that the Pretrial Division is refusing to implement a bail judge's decision, as for example, by declining to release an individual whom the bail judge has ordered to be released forthwith.  The judges are said to be delegating to the Pretrial Division the task of seeing whether a given individual should be released, based on certain factors, but it still appears to be left ultimately to the judge to decide whether the release criteria in a given case have been met.

4

The Court revisits the immunity analysis it articulated in its prior Opinion.

A judge's immunity extends to subordinates with respect to "functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction." *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008) (quotation omitted). In this case, from all appearances, the Pretrial Division resembles the many court employees who have previously been afforded judicial immunity for carrying out a judge's order. *See Shifflette v. Baltimore Cnty. Cir. Cts.*, No. 1:21-CV-3074-LKG, 2022 WL 36450, at *2 (D. Md. Jan. 4, 2022) (clerk of court who docketed a judge's order dismissing the plaintiff's petition, "an official act required by a judge," could adopt immunity); *Pope v. Fletcher-Hill*, No. 21-CV-2935-LKG, 2021 WL 5882464, at *2 (D. Md. Dec. 10, 2021) (clerk of court who followed the "legal requirements" in the Maryland Rules of Procedure when he docketed the dismissal of plaintiff's case for failure to prosecute held immune); *Williams v. United States*, No. CV DKC-21-537, 2021 WL 1720230, at *5 (D. Md. Apr. 30, 2021) ("United States Pretrial and Probation Office employees are also entitled to absolute quasi-judicial immunity for their role in investigating, preparing, and submitting reports."); *Grant v. Maryland*, No. CV PWG-17-2816, 2018 WL 1069363, at *2 (D. Md. Feb. 26, 2018) (granting immunity to Court Commissioners for setting conditions of release and bond, as authorized by the state court judges). While, as Plaintiffs allege, the Pretrial Division may be failing to implement the judges' release directives in a prompt and timely manner, at the end of the day it is virtually impossible to conclude that it is not acting "in obedience to" and under the "direction" of the judges. *Battle v. Morrison*, No. 97-1637, 1998 WL 116169, at *1 (4th Cir. Mar. 17, 1998). This particular case is not, in the Court's

the shield of judicial immunity, might be held to account for. *See* Mem. Op. (Jan. 24, 2023), ECF No. 90 at 17-18 ("[T]here can be no mistaking that the Judge Defendants' allegedly improper delegation of pretrial decisions by to the County is the very heart of Plaintiffs' claims.").[4]

There is a further distinction that can be made "between protection from liability simply for following a judge's order and protection from liability for carrying out a judge's order in a manner not sanctioned by the judge." *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008). The Court does not understand the Pretrial Division to be carrying out the judges' orders in an unsanctioned manner. Again, no judge has ordered the release of a Plaintiff that the Pretrial Division refused to carry out; all the judges in effect have been asking the Pretrial Division to evaluate a Plaintiff's eligibility, but the final word remains with the judges. For that reason, the facts of the present case are presumably distinguishable from those alleged in the recent settlement involving detainees at the Rikers Island complex in New York. Insofar as the Court has been able to discern the facts of that settlement, there was clear non-fulfillment of judicial orders because the named plaintiffs (and perhaps others) were being held for 18 to 23 hours after the posting of their bail, which should have triggered their immediate, unconditional release. *Lynch v. City of N.Y.*, No. 1:17-cv-7577-JGK-BCM (S.D.N.Y. Sept. 28, 2018). In contrast, the judges here have never issued an immediate, unconditional release order for the Plaintiffs that the Pretrial Division has ignored. The Pretrial Division, from all that appears, seeks only to apply criteria consistent with the judges' directives.

For all these reasons, Plaintiffs' Motion for Reconsideration is **DENIED.**

---

[4] Further, the Court notes that not all functions that a municipality performs automatically subject them to § 1983 liability, such as running a cafeteria or parking lot.

B.     The Judge Defendants' Motion for Clarification and Reconsideration or, in the
       Alternative, to Substitute Defendant Proper Parties

The Judge Defendants make a number of requests in their Motion for Reconsideration.

First, they seek clarification about whether the Judges who conducted the bail hearings

for the now-dismissed Released Plaintiffs have been dismissed as Defendants. The short answer

is that they have not. As the Court explained in its Opinion, "it makes sense to keep the current

roster of Judge Defendants in place" because this case remains a putative class action and

therefore "all of [the judges] might be subject to such remedy as the Court might order." Mem.

Op. (Jan. 24, 2023), ECF No. 90 at 21.

Second, the Judge Defendants suggest that any basis for class certification is now void

because the Court has denied Plaintiffs' Motion for Class Certification (ECF No. 104). The

Court did deny the Motion, but the denial was explicitly without prejudice and was made with

the clear understanding that Plaintiffs could renew their Motion for Class Certification after the

Court had resolved any Motions for Reconsideration. The Court has not yet definitively

concluded that this suit may not proceed as a class action.[5] Indeed, an Amended Complaint

would seem to be in order, given the County's adoption of the revised Pretrial Release SOP.

Third, the Judge Defendants seek clarification as to whether the Court dismissed the

claims against them in their personal capacities, leaving only the official capacity claims. The

Court did just that. The claims against the Judge Defendants will move forward only in their

official capacities. Judges are not subject to personal liability unless they were acting "in clear

absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Nothing in the

suit suggests that the judges were so acting in the present case.

---

[5] For the same reason, there is no need, as Defendants request, to compel Plaintiffs to substitute
other non-party judges as Defendants.

8

Fourth, the Judge Defendants argue that the Court erred in applying the *Ex Parte Young* exception to their potential liability for equitable relief because the facts alleged here do not establish that a "special relationship" existed between them and Plaintiffs. But the requirement for a "special relationship" is much less stringent than the Judge Defendants claim; it is enough to suggest that "some connection" exists between the two. *Doyle v. Hogan*, 1 F.4th 249, 254 (4th Cir. 2021). The Court believes that requirement has been met because the Judge Defendants in fact adjudicated and very likely will in the future adjudicate the release statuses of Plaintiffs (including the members of a possible future class).

Finally, the Judge Defendants re-argue their original points about justiciability, mootness, and failure to state a claim. But they raise no new authority suggesting why the Court's treatment of these issues in its Memorandum Opinion on the Motions to Dismiss (ECF No. 90) should, on reconsideration, be deemed erroneous.

For all these reasons, the Judge Defendants' Motion for Clarification and Reconsideration or, in the Alternative, to Substitute Defendant Proper Parties (ECF No. 98) is **DENIED**.

C.    Updated Pretrial Release SOP

On April 28, 2023, the County filed with the Court the updated Pretrial Release SOP. ECF No. 124. Changes appear to include: a requirement that release eligibility determinations be made within 10 business days of the bail judge's referral for release; that the Pretrial Division provide written notice to the bail judge within 10 business days of the judge's order of any issues it may be having with obtaining the information needed to make an appropriate eligibility determination; and, further, what appears to be a commitment by the Pretrial Division to verify any eligibility changes within 10 to 15 business days. ECF Nos. 124-1, 124-2, 124-3.

As noted earlier, the County believes this new process resolves all of Plaintiffs' concerns and that their claims should therefore be dismissed. Plaintiffs oppose dismissal, arguing that the new process remains constitutionally deficient in a number of ways, including that the Defendant Judges continue to delegate too much of the release decision-making to the discretion of the Pretrial Division. ECF No. 126.

Such changes as included in the new SOP may or may not be ameliorative at least in some respects. But the Court is not prepared to dismiss this case based on the County's submission alone. Plaintiffs will have the opportunity to file an Amended Complaint that addresses the updated policy with specificity so that Defendants can respond to a current rather than outdated process. Accordingly, the County's renewed request to dismiss Plaintiffs' Complaint (ECF No. 124) is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1. Plaintiffs' Motion for Reconsideration Under 54(b) (ECF No. 97-2) is **DENIED.**

2. The Judge Defendants' Motion for Clarification and Reconsideration or, in the Alternative, to Substitute Defendant Proper Parties (ECF No. 98) is **DENIED.**

3. The County's request to dismiss Plaintiff's Complaint (ECF No. 124) is **DENIED.**

4. Within twenty (20) days from the date of this Order, Plaintiffs **MAY** file an Amended Complaint that addresses the County's updated Pretrial Release SOP.

5. Within thirty (30) days from the date of this Order, counsel for the parties **SHALL SUBMIT** a Joint Proposed Scheduling Order to the Court that includes a timetable for discovery as well as a proposed briefing schedule to address, if appropriate, any Amended Motion for Class Certification that Plaintiffs might choose to file.

6. The Clerk of Court is **DIRECTED** to update the caption of this case to reflect that the sole remaining Plaintiffs are Christopher Butler and Miramba Williams.

A separate Order will ISSUE.

June 7, 2023

PETER J. MESSITTE

11