IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHRISTOPHER BUTLER, *et al.*, individually and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, MARYLAND, *et al.*,<br><br>    Defendants. | Civil No. **22-1768 PJM** |

**MEMORANDUM OPINION**

This putative class action has been brought by current and former detainees charged with crimes in Prince George's County, Maryland against Defendants Prince George's County (the "County") and Maryland state court judges sitting in Prince George's County. It challenges the process by which pretrial release determinations are accomplished in the County.

The Court considers Plaintiffs' Motion for Entry of Judgment Under Rule 54(b), or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292 (ECF No. 132). For the following reasons, the Motion is **DENIED**.

I.

The background and procedural history of this case are set forth in detail in the Court's Memorandum Opinion dealing with Defendants' Motions to Dismiss and the Court's Memorandum Opinion with respect to the Motions for Reconsideration, which the Court incorporates by reference. *See* Mem. Op. (Jan. 24, 2023), ECF No. 90; Mem Op. (Jun. 7, 2023), ECF No. 128.

1

In its Memorandum Opinion dated June 7, 2023 (ECF No. 128), the Court denied Plaintiffs' Motion for Reconsideration Under Rule 54(b) (ECF No. 97-2) and the Judge Defendants' Motion for Clarification and Reconsideration or, in the Alternative, to Substitute Defendant Proper Parties (ECF No. 98).

On June 20, 2023, Plaintiffs filed a Motion for Entry of Judgment Under Rule 54(b), or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292 (ECF No. 132). In their Motion, Plaintiffs ask the Court to enter partial judgment with respect to the Court's dismissal of their monetary damages claims against the County so that Plaintiffs may pursue an immediate appeal. *See* Doc. 128 at 6; *see also* Doc. 90 at 16-18. Alternatively, Plaintiffs ask the Court to certify for appeal the question of the County's quasi-judicial immunity pursuant to 28 U.S.C. § 1292. The County opposes the Motion.

Having considered the parties' arguments, no hearing being necessary, the Court **DENIES** the Motion for Entry of Judgment Under Rule 54(b), or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292 (ECF No. 132).

**II.**

A.  Partial Judgment Pursuant to Rule 54(b)

Plaintiffs first request the Court to enter partial judgment with respect to its dismissal of their monetary damages claims pursuant to Federal Rule of Civil Procedure 54(b).

Rule 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" where an order "adjudicates fewer than all claims or fewer than all parties," but only where the court "expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335

(4th Cir. 1993) ("Rule 54(b) certification is recognized as the exception rather than the norm.").

In determining whether there is no just reason for delay, the court may consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335-36.

Additionally, "the fact the parties on appeal remain contestants below," as is the case here, typically "militates against the use of Rule 54(b)." *Id.* at 1336 (quoting *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 45 (1st Cir. 1998)).

Based on these factors, the Court finds just reasons to delay entry of final judgment under Rule 54(b). Plaintiffs' money damages claim is directly tied to the question still before the Court of Defendant Prince George's County's liability for injunctive relief. It is still not clear, in the absence of discovery, just what it is that Plaintiffs claim Defendant County is doing illegally, much less what remedies against the County for its conduct, if any, would be appropriate. It is therefore premature for Plaintiffs to appeal the separate issue of money damages prior to the determination of what exactly Defendants are alleged to have done in this case. Indeed, the money damages claim may well be mooted in whole or part by a finding in favor of Prince George's County on the unadjudicated claim. Furthermore, certifying partial final judgment at this stage would further delay discovery in a case that both sides, the Court believes, are eager to resolve. Finally, entering

partial judgment would conflict with the Fourth Circuit's well-known aversion to piecemeal appeals, especially where "the parties on appeal remain contestants below."[1]

Accordingly, the Court **DENIES** Plaintiff's request for partial judgment pursuant to Rule 54(b) on the monetary damages question.

B. Certificate of Appealability Pursuant to § 1292

In the alternative, Plaintiffs request that the Court grant them a certificate of appealability with respect to the monetary damages issue pursuant to 28 U.S.C. § 1292.

Generally, "interlocutory appeals—appeals before the end of district court proceedings—are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995); *see* 2 Fed. Proc., Lawyers Edition § 3:212 (2021) ("Because certification is contrary to federal policy against piecemeal appeals, it is not a routine procedure."). § 1292(b) provides the exception: a district court may certify for immediate review any nonfinal order that involves "[1] a controlling question of law as to which [2] there is a substantial ground for difference of opinion" and where "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. But the Fourth Circuit has cautioned that § 1292(b) "should be used sparingly and thus that its requirements must be strictly construed." *Myles v. Laffite*, 881 F.2d 125, 127 (4th Cir. 1989).

The issue of monetary damages in this case does not meet the criteria for certification because it does not pose a "controlling question of law." The issue is not "controlling" because its disposition on appeal would not resolve the entire litigation, in which a viable claim for

---

[1] Plaintiffs already have one appeal pending before the Fourth Circuit regarding the Court's denial of a preliminary injunction. *See* Notice of Appeal (Apr. 11, 2023), ECF No. 119. Interlocutory appeal from the denial of a preliminary injunction is an appeal of right under 28 U.S.C. § 1292(a). Here again, it is the lack of clarity as to what the County is doing and what relief, if any, would be appropriate that informed the Court's decision to deny the Motion for Preliminary Injunction.

4

injunctive relief unquestionably remains. Further, the issue of monetary damages is not a pure "question of law." To be precise: Plaintiffs do not contest the existence of the legal principle of quasi-judicial immunity of judges, but rather the Court's extension of the principle to the County, based on a functional and fact-specific inquiry. § 1292(b) certification is not appropriate for that type of mixed-law-and-fact question.

Accordingly, the Court **DENIES** Plaintiff's request for a certificate of appealability on the issue of monetary damages pursuant to § 1292(b).

### III.

For the foregoing reasons, Plaintiffs' Motion for Entry of Judgment Under Rule 54(b), or, in the Alternative, to Certify a Partial Appeal Under 28 U.S.C. § 1292 (ECF No. 132) is **DENIED**.

Within thirty (30) days from the date of this Order, counsel for all parties **SHALL SUBMIT** a Joint Proposed Scheduling Order to the Court that includes a timetable for discovery as well as a proposed briefing schedule to address, if appropriate, any Amended Motion for Class Certification that Plaintiffs might choose to file.

A separate Order will ISSUE.

August 9, 2023

/s/ PETER J. MESSITTE
U.S. DISTRICT JUDGE

5