**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6359

ROBERT FRAZIER; ANIBAL HERNANDEZ; D.P., a minor, by and through his next friend and guardian, K.P.; CHRISTOPHER BUTLER; MIRAMBA WILLIAMS, individually and on behalf of a class of similarly situated persons,

> Plaintiffs-Appellants,

and

DONNELL DAVIS; LESLIE SHARP; ELMER LAGUAN-SALINAS; ADRIENNE WORTHINGTON, individually and on behalf of a class of similarly situated persons,

> Plaintiffs,

v.

PRINCE GEORGE'S COUNTY, MARYLAND,

> Defendant-Appellee,

and

CORENNE LABBÉ, in her official capacity as Director of the Prince George's County Department of Corrections; JEFFREY LOGAN, in his official capacity as Division Chief of the Prince George's County Population Management Division; KENNETH GRAY, in his official capacity as Section Chief of the Prince George's County Community Supervision Section; TANYA LAW, in her official capacity as Unit Chief of the Prince George's County Monitoring Services Unit; LAKEECIA ALLEN; BRYON BEREANO; JOHN BIELEC; SCOTT CARRINGTON; ADA

CLARK-EDWARDS; STACEY COBB SMITH; BRIAN DENTON; ROBERT HEFFRON, JR.; DONNAKA LEWIS; OFFICER GREGORY POWELL; CATHY SERRETTE, in their personal capacities and official capacities as District and Circuit Court Judges for the District and Circuit Courts of Maryland for Prince George's County,

                Defendants.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:22-cv-01768-PJM)

---

Argued: September 20, 2023                                      Decided: November 15, 2023

---

Before RICHARDSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Vacated and remanded by published opinion. Judge Richardson wrote the opinion, in which Judge Heytens and Senior Judge Floyd joined.

---

**ARGUED:** Ellora Thadaney Israni, CIVIL RIGHTS CORPS, Washington, D.C., for Appellants. Andrew Jensen Murray, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellee. **ON BRIEF:** Jeremy D. Cutting, Ryan C. Downer, CIVIL RIGHTS CORPS, Washington, D.C.; Seth Wayne, Elizabeth R. Cruikshank, Mary B. McCord, Institute for Constitutional Advocacy and Protection, GEORGETOWN LAW CENTER, Washington, D.C.; Matthew Martens, Edward Williams, Donna Farag, Thomas Bredar, Ayana Williams, Sonika Data, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, D.C., for Appellants. Rhonda L. Weaver, Shelley L. Johnson, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellees.

RICHARDSON, Circuit Judge:

Plaintiffs-Appellants, former pretrial detainees in Prince George's County, Maryland, appeal from the district court's denial of their motion for a preliminary injunction. The detainees sought an injunction that would require the County to release them, and others similarly situated, on the ground that the County's pretrial-release program violates the Due Process Clause. The district court denied the motion without stating its factual findings and legal conclusions. But Federal Rule of Civil Procedure 52(a)(2) requires a district court to say more than: "No." So we vacate and remand for further proceedings.

## I.   Background

The County's Department of Corrections operates a pretrial-release program. Exactly how the program functions remains unclear. But here's what we know.

When a person is arrested in the county, the process starts like it does most everywhere. The arrestee first makes an initial appearance where a magistrate official determines his preliminary pretrial-release status. That is, the magistrate decides under state law whether the arrestee should be released on personal recognizance, released subject to conditions (including a bond), or committed (*i.e.*, detained). *See* Md. Rule 4-216.1. We can call this phase one.

Then, if the arrestee is not immediately released, we move on to phase two: a bail-review hearing before a county judge. At that hearing, the arrestee—now a detainee—is represented by counsel and can make arguments and present evidence. The judge may also consider a "pretrial fact intake sheet" prepared by the Department of Corrections' Pretrial

3

Division. The sheet includes relevant facts about the detainee, such as his criminal history and employment. Based on the information presented at the hearing, the judge decides the detainee's release status on an individualized basis. Md. Rule 4-216.1(b)(2).

The judge's determination, like the magistrate's initial determination, is governed by state law. She must release the detainee unless she finds "that, if the defendant is released, there is a reasonable likelihood that the defendant (i) will not appear when required, or (ii) will be a danger to an alleged victim, another person, or the community." Md. Rule 4-216.1(b)(1)(B). Even if the judge finds such a likelihood, she must release the detainee unless she also finds, by clear and convincing evidence, that there are no financial or non-financial conditions that will ensure the detainee's return to court and the safety of the community. Md. Rule 4-216.1(c). And the judge must "state the basis" for the finding "on the record." Md. Rule 4-216.1(c)(1); *see also* J.A. 157 (noting that a judge detaining an individual recites that she has found by clear and convincing evidence that no condition or combination of conditions of release can reasonably assure the public's safety or the individual's appearance in court).

So far, so good. But it is at this point that the detainees claim that the County's process deviates from the norm. That is because when a county judge issues an order stating that someone is committed (with or without the option to be released with a bond), she can add that the commitment is "subject to" a particular "condition": pretrial release by Pretrial Services. This "condition" varies in language. Some orders state it as "court ordered pre trial release." *E.g.*, J.A. 185. Others read "or PR to PTR." *E.g.*, J.A. 519. And still others describe the condition as a pretrial-release "option." *E.g.*, J.A. 191.

4

Whatever the language, the parties agree that this effectively creates a third phase where Pretrial Services determines whether a detainee qualifies for release under its own program. To make this determination, Pretrial Services uses a non-exhaustive set of considerations, which primarily relate to the detainee's dangerousness and flight risk. Pretrial Services makes this decision without a county judge's involvement. And the process can take months, during which the detainee may not be provided status updates. In the end, a detainee may never hear anything at all from Pretrial Services.

The detainees think this process violates their due-process rights. So they sued the County, various county officials, and local circuit- and district-court judges under 42 U.S.C. § 1983 and the Maryland constitution. On the same day, they moved to certify a class of similarly situated pretrial detainees. And, relevant to this appeal, they moved for a preliminary injunction seeking to enjoin the County's[1] alleged federal due-process violations.

The detainees' argument in support of their motion rests on their understanding of what a county judge does at phase two. According to the detainees, when the county judge commits someone subject to the condition of pretrial release by Pretrial Services, the judge is implicitly finding that the detainee can be released under conditions sufficient to protect the community from danger and assure his return to court. Thus, the judge is *authorizing* the detainee's release if Pretrial Services decides conditions may be imposed to permit

---

[1] The preliminary injunction also sought to enjoin certain county officials. But the district court granted those county officials' motion to dismiss on sovereign-immunity grounds. Since that dismissal is not on appeal, the County is the only relevant defendant.

release. And the detainees argue that it violates due process to detain someone after a judge has made the determination that there are possible conditions under which that person can be released. *See United States v. Salerno*, 481 U.S. 739, 751 (1987) (finding certain procedures sufficient under the Due Process Clause).

But the County has a different understanding of Pretrial Services' pretrial-release program. It suggests that a county judge does not authorize a detainee's release during phase two when she adds pretrial release by Pretrial Services as a "condition" on the detainee's commitment order. Rather, as state law requires, the judge is ordering commitment because she has found that the detainee *is* a flight or safety risk that requires commitment. By including the "condition" of pretrial release by Pretrial Services, the judge isn't backtracking on that finding, but is simply stating *Pretrial Services* may release the detainee if it finds that the detainee meets its own criteria. So the County argues that once the judge orders the individual committed under state-law procedures and standards, it doesn't violate due process to detain that person even if the County is permitted to release him under its own pretrial-release program.

After an eight-month delay, the district court took up the preliminary-injunction motion in a telephonic hearing. It explained that the delay was due to the lack of a factual record. And it maintained that there still wasn't enough of a record for it to rule on the motion. In its words, critical facts were disputed, so "[h]ow [would it] know whether the plaintiff is more likely to prevail on the merits or not?" J.A. 785. To have sufficient facts, the district court explained, there would need to be discovery. But it said it would not order

discovery because that would be "duplicative" of the discovery required for the merits. J.A. 786.

The detainees responded that they and the County concurred on the critical facts needed to rule on the motion. The district court disagreed. But it gave the parties ten days to stipulate to enough facts to allow a preliminary-injunction ruling. In doing so, however, the district court noted that it would "almost certainly . . . say" the preliminary injunction would be "denied without prejudice." J.A. 795.

The parties could not agree on the requisite facts within the district court's ten-day window. So about two weeks later, the district court issued an order denying the motion for a preliminary injunction without prejudice. The order stated that the motion was denied "for the reasons stated on the record during the [] telephone conference." J.A. 831. This interlocutory appeal followed.

**II.     The district court violated Rule 52(a)(2)'s command to state the findings and conclusions that supported its denial of the preliminary-injunction motion.**

We review a district court's denial of a motion for a preliminary injunction for abuse of discretion.[2] *Di Biase v. SPX Corp.*, 872 F.3d 224, 229 (4th Cir. 2017). In determining

---

[2] The County unsuccessfully argues that the detainees don't have standing. Article III standing requires that a plaintiff have an injury in fact, caused by the defendant, and redressable by the relief requested. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The detainees allege that they were subjected to unconstitutional pretrial detention (injury in fact), as a result of the County detaining them despite a judge authorizing their release (causation), and that those similarly situated will be released if they are awarded an injunction (redressability). Moreover, their claim isn't moot even though they've been released or tried since they filed their complaint. A pretrial detainee who is a putative class representative retains the standing he enjoyed when he sought class certification even if he (Continued)

7

whether the district court abused its discretion, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013). To obtain the "extraordinary relief" of a preliminary injunction, a plaintiff must establish the four so-called *Winter* factors: (1) that he's likely to succeed on the merits; (2) that he's likely to suffer irreparable harm if preliminary relief isn't granted; (3) that the balance of equities favors him; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

But a district court cannot decide whether a plaintiff has satisfied *Winter* behind the curtain. Instead, Federal Rule of Civil Procedure 52(a)(2) requires that, when "granting or refusing" a preliminary injunction, a district court "state the findings [of fact] and conclusions [of law] that support its action."[3] In other words, it must explain its decision.

There are two reasons for this rule: it ensures that parties are informed of the district court's reasoning, and it allows for meaningful appellate review. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 423 (4th Cir. 1999). Without findings and conclusions, neither the parties nor this Court know why the district court denied the injunction. So challenging that decision and reviewing it are made tougher. Indeed, it

---

is released or tried before the class is certified. *See Gerstein v. Pugh*, 420 U.S. 103, 110–11 n.11 (1975).

[3] Rule 52(a)(2) states: "In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action." The "similarly" here refers to the preceding subsection (a)(1), which addresses actions tried without a jury and requires the court to "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1).

becomes somewhat of a guessing game: Did the district court abuse its discretion in balancing the equities, evaluating irreparable harm, or considering the public interest? Or was the denial based on a factual finding or legal conclusion that rendered success on the merits unlikely?

In most contexts, a district court's lack of explanation doesn't amount to error, even if it makes our job harder. In fact, we often must review district-court decisions with little or no explicit reasoning in front of us. *See, e.g.*, *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) (holding that we can review a district court's Federal Rule of Evidence 403 decision for abuse of discretion without a record of its reasoning). So in those contexts, we must sift through the record and try to piece together the district court's rationale. *Id.*

But that's when there isn't a federal rule requiring the district court to make its reasoning known. In contrast, Rule 52(a)(2) is meant to save us and litigants from having to play detective when it comes to orders granting or denying preliminary injunctions. Thus, when issuing those orders, a district court must comply with the Rule by stating its factual findings and legal conclusions. And it errs when it fails to do so. *See Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 317 (1940).

Rule 52(a)(2)'s burden is not Herculean. It does not require a tome that memorializes all factual minutiae or responds to every legal assertion. *Cf. Kelley v. Everglades Drainage Dist.*, 319 U.S. 415, 419–22 (1943). Instead, the findings and conclusions required are those that are necessary, in context, to the action taken. *Id.* Granting a preliminary injunction requires analysis of each *Winter* factor because a preliminary injunction can be granted only if every factor is met. *Winter*, 555 U.S. at 20;

9

*see also Hoechst Diafoil Co.*, 174 F.3d at 423. Yet *denying* a preliminary injunction only takes the rejection of a single factor. So a district court denying a preliminary injunction may satisfy Rule 52(a)(2) by stating the facts and legal conclusions about a single factor.

Similarly, the extent of factual findings and legal conclusions required for any given *Winter* factor will vary depending on the issues presented. *Cf. Darter v. Greenville Cmty. Hotel Corp.*, 301 F.2d 70, 75 (4th Cir. 1962). In other words, the more factual uncertainties and complex legal issues, the more explanation the district court must give. *See Kelley*, 319 U.S. at 419–22.

Here, the district court's order falls short of Rule 52(a)(2)'s command. The written order denied the preliminary injunction "for the reasons stated" during an earlier telephonic hearing. While the Rule permits findings and conclusions to be given orally, those oral reasons must themselves satisfy the Rule. *United States v. Virginia*, 569 F.2d 1300, 1302 (4th Cir. 1978). They didn't do so. All the court noted was that it did not know enough facts to decide the merits of the issue either way.

True, the district court mentioned one *Winter* factor: the detainees' likelihood of prevailing on the merits. J.A. 785–86. And factual uncertainty can support a conclusion that the first *Winter* factor isn't met; if a plaintiff hasn't established a material fact, then he may have only shown that his success on the merits is *possible*, not *likely*. *See Di Biase*, 872 F.3d at 234–35. But here, the district court did not make any findings that the plaintiff failed to establish material facts crucial to success on the merits. Instead, it spoke in broad strokes without identifying material facts that were unclear or ambiguous. Conclusory statements about the lack of a record and the existence of factual uncertainty cannot suffice

10

under Rule 52(a)(2). *See Virginia*, 569 F.2d at 1303; *EEOC v. United Va. Bank/Seaboard Nat'l*, 555 F.2d 403, 406 (4th Cir. 1977); *cf. Schneiderman v. United States*, 320 U.S. 118, 129–31 (1943).

In short, the detainees' motion for a preliminary injunction presented the district court with a disputed factual record and a difficult, fact-bound constitutional question. Thus, the district court had to explain the factual findings and legal conclusions that supported its determination that the preliminary injunction should be denied. Yet it only made generalized comments about the difficulty of deciding. So it violated Rule 52(a)(2).

That error alone doesn't require this Court to return the case to the district court.[4] Compliance with Rule 52(a)(2) isn't a prerequisite for our jurisdiction. *Westley v. Southern Ry. Co.*, 250 F.2d 188, 189 (4th Cir. 1957). So we can choose to exercise our discretion and overlook a Rule 52(a)(2) error to review the merits of the district court's preliminary-injunction ruling even if it contained no explanation at all. *See id.* The detainees request that we do so here and order the district court to enter a preliminary injunction.

But we will disregard a Rule 52(a)(2) error and reach the merits of the district court's preliminary-injunction order only if there is a record sufficient "to enable us to pass upon the questions involved*.*" *Id.* at n.1. There isn't one here. To determine whether the detainees' requested preliminary injunction should issue, we would have to decide whether

---

[4] A Rule 52(a)(2) error also wouldn't require reversal and remand if that error was harmless. *See* Fed. R. Civ. P. 61; *Gibbs v. Buck*, 307 U.S. 66, 78 (1939). A Rule 52(a)(2) error might be harmless if, for example, a district court summarily denied a preliminary injunction motion that was frivolous or had apparent flaws. But here, we can't say the error was harmless given the nature of the challenges and the disputed factual record.

11

they are likely to succeed on the merits of their claim that the pretrial-release program violates their due-process rights. Among other things, that requires us to know how the program operates. But we are hesitant to make such a finding on appeal.

Consider the bedrock issue of what the "condition" of pretrial release by Pretrial Services on a commitment order means. Perhaps, as the detainees suggest, the commitment order with the pretrial release by Pretrial Services option authorizes the detainee's release and thus serves as an implicit finding that there's no risk to the community or of a failure to appear. But the detainees also acknowledge that the orders contain an "inherent contradiction" that makes their meaning unclear. J.A. 132 n.25. Recall that, under state law, a county judge can issue a commitment order only if no conditions of release will protect the community and ensure the person's return to court. Md. Rule 4-216.1(b)(1)(B); *see also* Md. Rule 4-216.1(c)(1). So, when issuing an order committing the defendant with an option for pretrial release by Pretrial Services, the judge could be interpreted as doing two things: (1) finding that the detainee is an unconditional flight risk or danger to the community; and (2) permitting the person to still be released despite that prior finding, subject to Pretrial Service's conditions. How one interprets the pretrial-detention scheme thus informs whether it's likely that the County is violating the detainees' due-process rights after the orders are issued.[5]

---

[5] The detainees separately suggested below that county judges were at fault. *See, e.g.*, J.A. 132 n.25. But, perhaps for good reason, the proposed preliminary injunction sought to enjoin only the County, not the judges.

The record isn't so obvious to permit us to answer to this critical factual question. And the district court didn't make any findings on the issue. We, as a court of review, rightfully avoid becoming the factfinder in the first instance. So we decline to overlook the district court's Rule 52(a)(2) error and decide whether the detainees' motion should be granted. *Cf. Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) ("The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court.").[6] We instead vacate and remand for further proceedings.

\*    \*    \*

The Supreme Court has told us that "[i]t is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a)." *Mayo*, 309 U.S. at 316. Here, the district court had to do more than just deny the preliminary injunction. It needed to "state the findings and conclusions of law that support its action." The district court's order denying the motion for a preliminary injunction is thus

*VACATED AND REMANDED.*

---

[6] To the extent the detainees forfeited any review of the Rule 52(a)(2) error on appeal by failing to raise it below, the lack of a record on which to address the merits of the district court's denial also leads us to exercise our discretion to excuse any forfeiture of the Rule 52(a)(2) issue. *Cf. Gibbs*, 307 U.S. at 78; *Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 537 (3d Cir. 1986).