IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER BUTLER, *et al.*, individually
and on behalf of a class of similarly situated
persons,

    Plaintiffs,

v.

PRINCE GEORGE'S COUNTY,
MARYLAND, *et al.*,

    Defendants.

Civil No. **22-1768 PJM**

## MEMORANDUM OPINION

In this case, *pro bono* counsel, on behalf of one or more individuals detained on a pretrial basis in Prince George's County, Maryland, have filed suit in this Court, urging the Court to, in effect, reform the procedures by which pretrial release of detainees in the County are administered and decided. The suit suggests that a number of Prince County judges—at both the Circuit and District Court levels—have routinely ordered the release of detainees, while the County, acting independently of the judges, determines appropriate pretrial release conditions for the detainees, ignoring purported orders of the judges to release the detainees.

The case is back before the Court on remand from the U.S. Court of Appeals for the Fourth Circuit, which ordered the Court to provide its reasons for denying Plaintiffs' Motion for Preliminary Injunction as required by Federal Rule of Civil Procedure 52(a)(2). Based on the parties' earlier briefing, their submissions, and the current record, the Court explains its reasoning for denying Plaintiffs' Motion for Preliminary Injunction (ECF No. 2).

1

**I.**

The Court previously set forth the background of this case in detail in its Memorandum Opinion, dated January 24, 2023, addressing Defendants' motions to dismiss. *See* ECF No. 90. The Court adopts and reasserts that background here and supplements it as necessary.

When an individual is arrested in Prince George's County, he or she is taken before a District Court Commissioner[1] for an initial determination of release or detention. Any individual ordered to be detained is given a prompt bail review hearing, typically within 24 hours, by a judge of the Circuit or District Court of the County. The judge decides whether pretrial release or detention is appropriate. Maryland law directs that the judge's decision be based, *inter alia*, on the recommendation of the Population Management Division of the Prince George's County Department of Corrections (the "Pretrial Division"). Md. Code Crim. Proc. § 4-216.1(f)(1).

In making its recommendation, the Pretrial Division is required to consider the factors outlined in Maryland Rule of Criminal Procedure 4-216.1, which "include the seriousness of current charges, past criminal history, history of failure to appear in court, prior pretrial release history and program compliance, parole and probation violations, and significant and social ties to the local community." ECF No. 124-2.[2] Defendants claim that although "[a]ll variables are important when considering a pretrial defendant's release eligibility, . . . none exclusively prevent

---

[1] For the sake of those unfamiliar with the structure of its courts, Maryland's two trial courts consist of a "District" Court of limited jurisdiction and a "Circuit" court of general jurisdiction. Md. Code Ann., Cts. & Jud. Proc. §§ 1-501, 1-601. The state District Court for a given County, e.g., for Prince George's County, should not be confused with the United States District Court for the District of Maryland, the Federal trial court where this suit is pending.

[2] As Plaintiffs note, ECF No. 126 at 7 & n.3, there are some internal consistencies in Defendants' policies. For example, although a new four-page primer for the public on the County's pretrial release policies suggests that the County considers the "seriousness of current charges," ECF No. 124-2, Defendants suggest in a separate submission to the Court that such a consideration is left solely to the Court and is not considered by the Pretrial Division. *See* ECF No. 124-3.

a release to some level of [Prince George's County Department of Corrections] supervision." ECF No. 124-3.

Under a new policy (adopted during the pendency of this suit), the County requires that the Pretrial Division make "all eligibility determinations" within "10 business days of receipt of the court[']s bond determination order." ECF No. 124-1 at 6. If the Pretrial Division determines that a detainee is not eligible for release, "a letter will be submitted to the [state] Court as soon as a determination of ineligibility is made." *Id.* "[T]he correspondence will explain the reason(s) for the determination of ineligibility," and "[t]he detainee, defense attorney, and prosecutors will be copied on all correspondences." *Id.*

Whether and how the Pretrial Division actually abides by these requirements is arguable, Plaintiffs' central claim being that these procedures are often ignored, meaning that individual defendants are detained for an unduly long time. In essence, Plaintiffs argue that when a judge makes a referral to the Pretrial Division, the judge is more or less absolutely authorizing the detainee's release, and as a result, the judge is unconstitutionally placing in the hands of non-judicial officers the ultimate judicial determination with respect to the conditions that will ensure safety to the community and prevent the risk of flight. Defendants' response is that, by referring a defendant to the Pretrial Division, the judge has already determined that the defendant may pose a risk of flight or threat to the community and is merely directing the Pretrial Division to release the defendant if he or she meets the criteria the County is obliged to follow.

Plaintiffs filed suit in this Court seeking a review of the County's pretrial detention and release system on July 19, 2022 (ECF No. 1). They filed their Motion for Preliminary Injunction (ECF No. 2) that same day. After extensive briefing by the parties on several preliminary issues,

followed by the Court's opinion of January 24, 2023,[3] the Court held a telephone conference on March 2, 2023, during which Plaintiffs' Motion for Preliminary Injunction was discussed (ECF No. 103). The Court explained that, on the record before it, it was disinclined to grant Plaintiffs' Motion. Advising the parties that discovery on the preliminary injunction and merits discovery would likely be "duplicative" because the preliminary relief sought by Plaintiffs largely mirrors the relief that they would ultimately seek at the conclusion of the case, the Court explained that it would "almost certainly" deny the preliminary injunction without prejudice. ECF No. 155 at 16:14-21. Notwithstanding its reservations, the Court granted the parties ten days to come to an agreement as to possible immediate, preliminary relief that the Court could order. *Id.* at 18:18-22. When the parties failed to reach an agreement, ECF No. 106, the Court denied Plaintiffs' Motion for Preliminary Injunction, ECF No. 108.

## II.

To obtain a preliminary injunction, a moving party must establish that (1) the movant is likely to succeed on the merits of the suit; (2) the movant is likely to suffer irreparable harm if the requested preliminary relief is not granted; (3) the balance of equities favors the movant; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III.

The Court finds, based on the briefs, the submissions of the parties, and the current record, that several propositions of Plaintiffs' case, both legal and factual, are doubtful. Therefore, the Court concludes, at least at this stage, that Plaintiffs are unlikely to succeed on the merits, and that a preliminary injunction should not be granted.

---

[3] *See* ECF Nos. 2, 56, 57, 58, 59, 60, 61, 64, 66, 71, 77, 90.

Why does the Court reach this conclusion? Start with the relief that Plaintiffs seek. In their proposed preliminary injunction order, Plaintiffs request that the Court order that "County Defendants [be] enjoined from detaining at the Prince George's County Detention Center any person who has been arrested for a criminal offense and who has not received, at a minimum" a list of "procedural and substantive safeguards" that Plaintiffs believe meet constitutional requirements. ECF No. 2-3 at 3. In other words, Plaintiffs would have this Federal Court more or less immediately order the County to release every criminal defendant who has not received a constitutional bail review hearing before a "neutral and detached decision-maker, i.e., a judicial officer" within 48 hours of being arrested. *Id.* at 2-3 at 3-4. Setting aside that, as a matter of fact, criminal defendants in Prince George's County (including all Plaintiffs) are already given prompt bail review hearings, typically within 24 hours of being arrested, the Court finds Plaintiffs' requested relief quite extraordinary. Were the Court to enter a preliminary injunction of the tenor Plaintiffs' counsel proposes, the U.S. District Court for the District of Maryland—not the Circuit or District Courts of Prince George's County—would have the final say on whether a criminal defendant, prosecuted by the State of Maryland in Maryland state courts, should be released pending trial. Assuming that the procedural and substantive safeguards requested by Plaintiffs have not been met, criminal defendants would apparently be released irrespective of whether they pose a risk to the community or a risk of flight. But even if there were questions as to whether those safeguards *have* been met, it is likely to mean that this Court would have to perform an extensive review of the state court record and proceedings to enforce the preliminary injunction in every individual case.

The other, more deep-seated problem with Plaintiffs' requested relief is that, by requiring that the County release detainees unless the requested safeguards are met, this Court's proposed

preliminary injunctive relief would in effect bind the judges of the Circuit and District Courts of Prince George's County. As the Court has explained, *see e.g.*, ECF Nos. 90, 155, it views the pretrial release procedures implemented by the County as simply an extension of decisions by the state judges, not decisions rendered by the County on an independent basis. The determination of whether to release detainees, at least on the record before the Court at this juncture, remains with the judges, not the County. As alluded to in its Opinion of January 24, 2023, this understanding raises serious concerns as to the nature of the relief, if any, that might be fashioned against the County, since, as the Court sees it, the County, acting in tandem with the state judges, may well enjoy a form of quasi-judicial immunity. *See* ECF No. 90 at 18.

Setting aside the questions of judicial and quasi-judicial immunity, it is also the case that Plaintiffs have not shown, on this record, that any judge of the Prince George's County Circuit or District Courts has ever entered an absolute, final order of release without supervised release conditions, such that the County has actually acted in disregard of such an order. Although there are minimal suggestions in the record that some judges of the Prince George's County Circuit or District Courts may not "be receptive" to holding hearings on repetitious motions for bail review, ECF No. 2-1 at 11 (citing declarations), Plaintiffs still have given no compelling justifications for why *this* Court should intervene and effectively strip the state court judges of the right to act according to their own judicial prerogatives. Nor, it may be noted, is there any evidence that any detainee seeking pretrial release (including Plaintiffs) has ever sought habeas corpus or appellate relief in the state courts.[4]

---

[4] Notwithstanding Plaintiffs' implied suggestion that judges must first enter final orders of detention before habeas relief can be sought, ECF No. 2-1 at 11-12, the fact remains that the record is devoid of any attempts to seek review of a Circuit or District Court judge's pretrial referral order.

6

In view of the foregoing, the Court was and continues to be unable to conclude that Plaintiffs are likely to succeed on the merits of their claims, because the ultimate relief they seek asks, in essence, that this Court to wade into the minutiae of how, when, and under what conditions pretrial determinations are made by the state courts in Prince George's County. Such an extraordinary request requires very compelling factual and legal justification, which Plaintiffs, despite their good intentions, have failed to present at this stage. In sum, the Court finds that Plaintiffs have failed to satisfy the first criterion for a preliminary injunction because, at this stage, they have not shown that they are likely to proceed on the merits.

Although the Court's conclusion that Plaintiffs have failed to demonstrate that they are likely to succeed on the merits obviates the need for the Court to address the other criteria of a preliminary injunction, *Winter*, 555 U.S. at 20, the Court will nonetheless comment on the remaining considerations.

The next factor the Court considers, at least at this juncture, is whether Plaintiffs have shown that they will be irreparably harmed if a preliminary injunction does not issue. If, as Plaintiffs allege, they have been unduly detained without appropriate constitutional safeguards, such pretrial detention, particularly for those later found to be innocent, has long been recognized as inflicting irreparable harm. *See Barker v. Wingo*, 407 U.S. 514, 532-33 (1972).

That said, however, the Court concludes, for now, that the balance of equities tips in favor of Defendants. The County, which, again, the Court understands to be nothing less than an extension of the judges, is tasked with following the judges' directives to assure that detainees can be released without adversely affecting the safety of the community and to ensure that the detainees return to court for their criminal trials. The County and its judges have a strong interest in overseeing, maintaining, and implementing the State of Maryland's criminal justice system. While

the detainees are surely interested in an expedited review of the reasons for their detention, the Court finds that the importance of maintaining the integrity of the state criminal justice system, at this stage of the proceedings anyway, outweighs the detainees' interest in a major overhaul, directed by this Federal Court, of that system.

For the same reasons, the Court finds, again, at this juncture at least, that the public interest favors denial of a preliminary injunction until a full examination of the ways that the County, either as an extension of the state court judges or independently, has acted to frustrate any legitimate entitlement of detainees to their release.

In sum, the Court concludes that Plaintiffs have failed to establish their entitlement to a preliminary injunction.

That said, the Court remains willing to reconsider its determination and, to that end, will schedule another hearing during the second of week of January 2024 to reconsider the propriety vel non of issuing such relief.

At that hearing, the Court expects, at a minimum, to receive proof (including live testimony from the Defendant Judges, if possible) that addresses whether any of the state judges, upon referring detainees to the County's Pretrial Division, believe that they have ceded final control of the decision to release the detainees prior to trial. Further, as to any detainee who claims to have been detained notwithstanding a state judge's order purportedly releasing him or her, the Court will need to know whether any of those court orders specified that additional conditions of release be imposed before the release could be effectuated. In a recent report in the *Washington Post*, one counsel for Plaintiffs apparently represented that "[o]ne plaintiff was jailed for 174 days after a judge said he could be released," and another "was jailed for 75 days after a judge's order

authorizing pretrial release."[5] The Court asks to receive evidence concerning what charges were brought against those particular individuals, including evidence of whether the release orders in their cases were absolute or whether they contemplated the imposition of release conditions; whether the state judge in fact retained ultimate control over the case; and whether those individuals ever sought subsequent bail review hearings, writs of habeas corpus, writs of mandamus, or appeals to the state appellate courts.

It was further suggested by Plaintiffs' attorney in the *Post* article that, after a period of time, the pending charges against these and other Plaintiffs were dropped. The Court assumes that the decisions to drop the charges was made by prosecutors, not by judges or the County's Pretrial Division. In so far as the prosecutors dropped the charges, what were the reasons? The Court assumes the prosecutors are protected by absolute immunity, but Plaintiffs' counsel may believe otherwise.

The Court also expects from Plaintiffs' counsel evidence and argument on the question of whether there is a legal remedy, injunctive or monetary, for an individual detained pretrial who is then released on charges that the prosecutor chose not to pursue.

This is a very serious case. What it asks this Federal Court to do is involve itself in review of pretrial release conditions and determinations presumably established by state court judges. Any relief, especially injunctive relief, preliminary or permanent, in the Court's view, could have monumental effects on the administration of Maryland's entire criminal justice system or, indeed,

---

[5] Katie Mettler, *U.S. Judge Ordered to Rethink Ruling on Prince George's Pretrial System*, Wash. Post (Nov. 18, 2023), https://www.washingtonpost.com/dc-md-va/2023/11/18/pretrial-release-lawsuit-prince-georges/.

on the administration of such systems in other jurisdictions. At this stage, at least, Plaintiffs have not shown that they are entitled to such a potentially disruptive[6] intervention.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1. Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) is **DENIED**; and

2. The parties **SHALL** appear for a further hearing on the propriety of reconsidering the issuance of a preliminary injunction on January 9, 2024.

A separate Order will **ISSUE**.

November 22, 2023

**PETER J. MESSITTE**
**U.S. District Judge**

---

[6] The Court in no way uses this term in a pejorative sense, but instead in its more contemporary sense of "chang[e in] the traditional way that an industry operates, especially in a new and effective way." *Disruptive*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/disruptive.

10