IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER BUTLER, et al. | * |
| *Plaintiffs*, | * |
| v. | *   No. 8:22-cv-01768-PJM |
| PRINCE GEORGE'S COUNTY, et al. | * |
| *Defendants*. | * |

\*       \*       \*       \*       \*       \*       \*       \*       \*

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

Defendants, Prince George's County, Maryland (the "County"), and Judges Allen, Bereano, Bielec, Carrington, Clark-Edwards, Cobb Smith, Denton, Heffron, Jr., Lewis, Powell, and Serrette (the "Judge Defendants"), by their respective undersigned counsel, move to stay discovery (effectively, mainly just depositions) pending resolution of upcoming dispositive motions, and state as follows:

1. On December 19, 2023, in preparation for a then-upcoming January 9, 2024, preliminary injunction hearing to reconsider the Court's second denial of Plaintiffs' motion for preliminary injunction (ECF No. 157), the Court held a telephone conference regarding the status of this case. The Court cancelled the January 9, 2024, hearing during the conference. (ECF No. 165.) A copy of the transcript of the conference is attached as Exhibit 1.

2. During the conference, the Court reiterated that the core issue in this case is whether the Judge Defendants have ceded ultimate control to the County over the decision

to grant pre-trial release to certain criminal defendants.[1]  Exhibit 1 at 15; *see id.* at 17 ("It's another thing, though, about whether a lawsuit should be in this circumstance where there is arguably quasi judicial immunity, whether there should be any opportunity to inquire into these things because you can't inquire of the judge as to why you aren't acting promptly enough, and you can't, presumably, call the judge's law clerk and say, Why aren't you acting quickly enough?").  Thus, this case comes down to a question of judicial (or quasi-judicial) immunity.  *See id.* at 18 ("Is there, in fact, judicial immunity here which really keeps this kind of lawsuit from being tried in federal court?"); *id.* at 19 (resolution of the issue of whether judicial immunity applies "<u>may well dispose of the ultimate decision in the case</u>") (emphasis added).

     3.    The Court ordered the County to file a motion on quasi-judicial immunity. *Id.* at 21.  That motion is due January 18, 2024.  (ECF No. 168.)  The County intends to file its motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or perhaps even as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2]

     4.    The Court also recognized that judges can ordinarily not be deposed. Exhibit 1 at 18.  The Court instructed the Judge Defendants that, if they resist being

---

[1] Defendants firmly believe that this is a legal question that may be determined with upcoming dispositive motions.

[2] Plaintiffs never filed an amended complaint.  The time to do so expired.  (ECF No. 149 (setting November 10, 2023, as the deadline).)  Thus, the original complaint (ECF No. 1) is operative.

deposed about their procedure, then they "need to state it." *Id.* at 21. The Judge Defendants asked to have until January 18, 2024, to file such a motion, ECF No. 167, which the Court granted, ECF No. 168. Like the County, the Judge Defendants intend to also file a motion for judgment on the pleadings relating to judicial immunity pursuant to Rule 12(c), or perhaps a motion for summary judgment pursuant to Rule 56.

5. Two days after the conference, Plaintiffs *unilaterally* noted the depositions of Judge Defendants Heffron (January 10, 2024) and Allen (January 11, 2024), as well as County employee and dismissed former Defendant Jeffrey Logan (January 12, 2024).[3] Plaintiffs failed to comply with (or even attempt to comply with) this Court's Local Rule Appendix A Guideline 4(a), titled "Scheduling Depositions", for "Discovery Guidelines of the United States District Court for the District of Maryland."

6. On December 22, 2023, at 11:02 PM, in what can only be interpreted as an early "Christmas present" by Plaintiffs, Plaintiffs filed a belated motion to compel relating to a subpoena issued to the State of Maryland's Administrative Office of the Courts (represented by counsel for the Judge Defendants). (ECF No. 169.) Plaintiffs issued the subpoena on October 25, 2023. (ECF No. 169-1 at 3.) Objections were timely filed on November 8, 2023. (ECF No. 169-3 at 12.) Plaintiffs waited 44 days (and the Friday

---

[3] Plaintiffs have been advised that Judge Defendants Heffron and Allen will not appear at their unilaterally noted depositions, pending resolution of any motion pertaining to Plaintiffs' ability to take their depositions, *see supra* at ¶ 4, with such motion not being due until January 18, 2024, ECF No. 168. The Judge Defendants will file a timely motion by January 18, 2024, pertaining to the intended depositions of Judges Heffron and Allen.

3

evening prior to the Monday holiday) after receiving the objections to file their motion to compel.

7. Defendants intend to file dispositive motions as a result of the conference. "It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion" and that this Court "has broad discretion and inherent power" to do so "until preliminary questions that may dispose of the case are determined." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2001) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Wymes v. Lustbader*, Civ. No. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012) ("On motion, it is not uncommon for courts to stay discovery pending resolution of dispositive motion."); *Dashiell v. Montgomery County*, 131 F.R.D. 102 (D. Md. 1989) (staying discovery during pendency of defendant's dispositive motion); *Briggs v. T&D Plumbing & Heating Co.*, Civ No. WDQ-10-2714, 2011 WL 2970845 at *2 (D. Md. July 19, 2011) (a court may "stay discovery pending determination of a dispositive motion" because "[e]ngaging in discovery now would cause undue burden and expense") (citing cases); *cf. Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986) (concluding that a district court did not err by granting the defendant's motion to stay discovery pending disposition of the defendant's dispositive motion), *reversed on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988).

8. Here, the Court has essentially ordered the County to file a dispositive motion. The Judge Defendants intend to likewise file a similar motion. If granted, these

motions "may well dispose of the ultimate decision in the case" and end it.  Exhibit 1 at 19.  Thus, it is as if the clock has been reset to the initial pleadings phase when Plaintiffs would not have been entitled to any discovery in the first instance.  Plaintiffs, however, clearly intend to vigorously pursue discovery (mainly depositions), pending resolution of Defendants' dispositive motions.

9. Where, as here, parties will file motions "that would be thoroughly dispositive of the claims in the Complaint," staying discovery until the Court resolves those motions "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."  *See Chavous*, 201 F.R.D. at 2 (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted).  This is especially true when a significant amount of written discovery has already been completed between the parties—as is the case here, *see e.g.,* Exhibit 1 at 4-5—and the Court has ruled that at least at the preliminary injunction "stage, that Plaintiffs are unlikely to succeed on the merits," ECF No. 156 at 4 (emphasis added).

10. In sum, an order staying discovery here will effectively act as an order staying likely unnecessary, costly, and lengthy depositions and will free up the already limited time and resources of Defendants and their counsel.  It will also eliminate any requests for teleconferences with the Court over discovery disputes.  Any deposition of the County or a County employee (especially Jeffrey Logan who Plaintiffs seek to depose) will only include what Mr. Logan or other County employees have already stated in

affidavits; thus, there is no real need for any County deposition at this time. The time Plaintiffs seek to spend (or, to have Defendants and their counsel spend) in immediate discovery is better spent on the motions ordered by the Court.

11. Defendants sought consent from Plaintiffs to the relief sought herein and Plaintiffs do not consent. Plaintiffs will not, however, be prejudiced by the granting of this motion, because briefing on Defendants motions will end on February 19, 2024 (ECF No. 168), if needed the Court intends to reschedule the preliminary injunction hearing in March (Exhibit 1 at 20), and discovery closes April 26, 2024 (ECF No. 149). Thus, if Defendants' dispositive motions are denied, sufficient time for discovery (mainly depositions) will remain.

For these reasons, the Court should stay discovery pending rulings on the Defendants' dispositive motions and the Judge Defendants' motion relating to depositions.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Kevin M. Cox

_____
KEVIN M. COX (Federal Bar No. 29012)
JAMES O. SPIKER IV (Federal Bar No 30189)
Assistant Attorneys General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
kcox@oag.state.md.us
jspiker@oag.state.md.us
(410) 576-6388
(410) 576-6393 (facsimile)
Attorneys for the Judge Defendants

        Rhonda L. Weaver
        County Attorney

        Shelley L. Johnson
        Deputy County Attorney


        /s/ Shelley L. Johnson
        _____
        SHELLEY L. JOHNSON (Federal Bar No. 15853)
        ANDREW J. MURRAY (Federal Bar No. 10511)
        Wayne K. Curry County Administrative Bldg.
        1301 McCormick Drive, Suite 4100
        Largo, Maryland 20772
        (301) 952-3932 (voice)
        (301) 952-3071 (facsimile)