IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT FRAZIER, individually and :
on behalf of a class of
similarly situated persons :

v. : Civil Action No. DKC 22-1768

:

PRINCE GEORGE'S COUNTY,
MARYLAND, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion for sanctions filed by Defendant Prince George's County ("County"). (ECF No. 251). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Background**

The County seeks sanctions against Plaintiff Adrienne Worthington for her failure to attend two scheduled depositions. (ECF No. 251 ¶ 2). Ms. Worthington's deposition was originally scheduled to take place on July 22, 2026, in Washington, D.C. Associate County Attorney D. Michael Lyles drove to the deposition, but Ms. Worthington did not appear. (*Id.* ¶ 4).

The parties agreed to reschedule Ms. Worthington's deposition to take place virtually on July 30, 2026. Ms. Worthington again

failed to appear. Her counsel stated that Ms. Worthington "was ill and could not be deposed." (*Id.* ¶ 6).

The County asserts that it "anticipates that the Plaintiff has certain information that may benefit the [County]'s assertions in this matter and her failure to provide discovery through a deposition effectively shields the material from disclosure." (*Id.* ¶ 11). The County also alleges that Mr. Lyles spent about ten hours "scheduling and preparing for these depositions" and working on this motion for sanctions, and that the County "expects to receive a bill of $500.00 from the Court Reporter" in attendance at both depositions. (*Id.* ¶¶ 7,8).

In their opposition to the motion, (ECF No. 252), Plaintiffs supply additional context to this dispute. Plaintiffs explain that

> [f]or several years, Ms. Worthington has been an engaged and committed putative class representative focused on securing basic constitutional rights for other pretrial detainees who have faced or will face the same unconstitutional pretrial detention procedures that she endured in Prince George's County. Nevertheless, Ms. Worthington suffers from a serious medical condition and recently lost her housing—circumstances that have made her deposition challenging to arrange.

(ECF No. 252, at 1–2). Plaintiffs also assert that Ms. Worthington is indigent. (*Id.* at 1).

Plaintiffs represent that they sought to reschedule the deposition of Ms. Worthington and address the County's concerns.

> Later that same day [as the second deposition], Plaintiffs sent the County a written proposal. *See* Ex. 1. Given Ms. Worthington's immediate housing and health concerns, Plaintiffs proposed to defer her deposition by at least one month; to work with the County to schedule the deposition before the County's deadline to oppose class certification (which also necessarily would occur before the County would be required to file or oppose any summary judgment motions); and, if Ms. Worthington's circumstances prevented the deposition from going forward before that time, to formally withdraw her as a proposed class representative. *Id.* Earlier in the day, the County's counsel had said that he would take Plaintiffs' forthcoming proposal to his office's leadership. But the County never responded to Plaintiffs' proposal. On August 7, 2026, without any further communication, the County filed this Motion.

(*Id.*, at 7; *see also* ECF No. 252-1, at 2). The County has not filed a reply or otherwise disputed these facts.

The County seeks severe sanctions under Fed.R.Civ.P. 37(d) against Ms. Worthington for her failure to appear at her depositions. First, it asks that Ms. Worthington be dismissed with prejudice from the case. Second, it seeks "the reasonable expenses incurred" by the County through attending the depositions and filing the present motion, a total of $1,390. (ECF No. 251-1).

Plaintiffs argue that dismissal is unwarranted, that the County failed to document its monetary costs properly, and that Ms. Worthington's circumstances "make an award of expenses unjust" under Rule 37(d). (*Id.*, at 9–13).[1]

## II. Analysis

> Imposition of any sanction under Rule 37 requires consideration of four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

*Mackin v. Charles Schwab & Co.*, No. 16-3923-DKC, 2019 WL 127364 at *2 (D.Md. Jan. 8, 2019).

A district court has "wide discretion to impose sanctions," although that discretion is "more narrow" when considering "the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th

[1] Plaintiffs also contend that the Motion for Sanctions is procedurally deficient and should be denied because it does not include a certification that the County "in good faith conferred or attempted to confer" with Plaintiffs. (ECF No. 252, at 8 (quoting Fed.R.Civ.P 37(d)(1)(B))). The formal certification requirement in the Federal Rules only applies to sanctions for "failing to answer or respond" to interrogatories or requests for inspection, not for failing to attend a deposition. Fed.R.Civ.P 37(D)(1)(B); *see Hughley v. Leggett*, No. 11-cv-3100-DKC, 2013 WL 3353746, at *2 n.2 (D.Md. July 2, 2013). Local Rule 104.7 is broader, however, and requires a conference concerning any discovery dispute.

Cir. 1989). "The sanction of dismissal is generally limited to 'the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules.'" *Hughley*, 2013 WL 3353746, at *2 (quoting *Mut. Fed. Sav. & Loan*, 872 F.2d at 92).

Instead of or in addition to other sanctions, a court may require a party to pay "reasonable expenses" caused by their failure to act, unless their "failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3). Here, too, "[t]he court has broad discretion to determine whether either [exception] applies in a specific case." *Sines v. Kessler*, 343 F.R.D. 311, 324 (W.D.Va. 2022).

**A. Sanction of Dismissal**

The "extreme sanction" of dismissal is not appropriate here. *Mut. Fed. Sav. & Loan*, 872 F.2d at 92. Courts typically grant dismissal or default judgment as a sanction in cases involving long-running misconduct or defiance of court orders. *See, e.g.*, *id.* at 93 (default judgment against party that "demonstrate[d] a pattern of indifference and disrespect to the authority of the court."); *Hughley*, 2013 WL 3353746, at *2 (dismissal appropriate where "plaintiff brings suit and then utterly fails to participate in discovery or otherwise respond"); *United States v. Intelligent*

*Fiscal Optimal Sols., LLC*, No. 22-cv-1053-JMC, 2025 WL 1884844, at *4 (D.Md. July 8, 2025) (entering default judgment where party "repeatedly flouted her discovery obligations . . . and ignored court orders to produce discovery").

Short of such flagrant misconduct, courts will not dismiss a party even in the face of significant failures to fulfill discovery obligations. *See, e.g.*, *J. Noble Group, LLC v. Allen*, No. 22-cv-1618-BAH, 2024 WL 112014, at *2-3, *6 (D.Md. Jan. 10, 2024) (default judgment not appropriate despite "intentional delay tactics," defiance of court orders to produce discovery, and failure to attend depositions); *Ogunsula v. Warrenfeltz*, No. 20-cv-2568-ELH, 2024 WL 298984, at *16 (D.Md. Jan. 25, 2024) (declining to dismiss plaintiff despite her "inadequate response[s] to interrogatories" and "complete failure to respond" to requests for documents).

Application of the four *Belk* factors demonstrates why dismissal would be wholly inappropriate here. First, as to bad faith, the County asserts that Ms. Worthington's failure to attend the depositions "represents the highest degree of bad faith." (ECF No. 251 ¶ 12). Plaintiffs, however, have provided a good faith explanation for Ms. Worthington's absences—her "serious medical condition" and recent loss of housing. (ECF No. 252, at 2); *cf. J. Noble Group*, 2024 WL 112014 at *5 (finding bad faith in part

because Defendants failed to "provide any valid excuse for [a party's] failures to attend his depositions."). Moreover, Plaintiffs have attempted to reach a fair resolution of this dispute with the County, and they have not engaged in a pattern of misconduct. Accordingly, there is no basis to conclude that Plaintiffs are acting in bad faith.

Second, the County has failed to show the amount of prejudice it has suffered because of Ms. Worthington's non-appearance. The County does not specify its need for Ms. Worthington's testimony beyond generic statements that her "testimony goes to all aspects of the litigation" and that she "has certain information that may benefit the [County]'s assertions." (ECF No. 251, at 3). Without further explanation of the facts or claims at issue, it is impossible to determine the amount of prejudice the County has suffered. *Cf. Mut. Fed. Sav. & Loan*, 872 F.2d at 93 (finding "great prejudice" because the plaintiff could not prove its RICO claim without "the business and bank records" withheld by defendants).

Third, there is no need for deterrence in this instance. Sanctions are appropriate to deter misconduct by parties. *See, e.g.*, *First Am. Title Ins. Co. v. Borniva*, No. 19-cv-3233-GJH, 2023 WL 1995410 at *4 (finding a "strong need for deterrence" because of the parties' "indifference" to discovery deadlines and court orders). Here, Plaintiffs assert that Ms. Worthington's

failure to attend her depositions was due to serious health and housing concerns, not misconduct. Deterrence is also unnecessary because Plaintiffs are already offering to remedy the harm to the County by providing Ms. Worthington's deposition within a reasonable time or, in the alternative, withdrawing her as a named plaintiff. *See Mackin*, 2019 WL 127364, at *2 (holding that dismissal was not "a suitable sanction at this time in light of [p]laintiff's attempts to comply" with discovery requests).

Fourth, there are less severe sanctions available in this case that would "more appropriately address" any prejudice to the County. *Id.* at *3. For instance, had the County explained what claims or facts it expected to develop through Ms. Worthington's deposition, it could have sought orders barring Plaintiffs from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." *Id.*; *see also* Fed.R.Civ.P. 37(b)(2)(A)(i)-(iii).

**B. Monetary Sanctions**

As an alternative or additional sanction, the County seeks the payment of "reasonable expenses" associated with the two missed depositions and this motion for sanctions. *See* Fed.R.Civ.P. 37(d)(3). Monetary sanctions were held to be an appropriate alternative to dismissal in cases like *J. Noble Group* and *Ogunsula*,

where there were significant instances of party misconduct. 2024 WL 1123014 at *7; 2024 WL 298984 at *17.

Here, however, the first three *Belk* factors weigh against sanctions altogether. As explained above, Plaintiffs did not act in bad faith, there is no clear showing of prejudice, and there is no need for deterrence. Only the fourth factor favors Defendants, because monetary sanctions are arguably the least drastic option available under Rule 37(d).

Even if monetary sanctions satisfied *Belk*, they would be likely be inappropriate because "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 57(d)(3). It would be unjust to penalize Ms. Worthington for a failure stemming from her medical condition and lack of housing. Nor is a $1,390 award against an indigent and homeless party appropriate under these circumstances. *See Diehl v. Diehl*, No. 14-cv-288-DLH, 2015 WL 1565580, at *5 (W.D.N.C. Apr. 8, 2015), *aff'd* 2015 WL 13842740 (W.D.N.C. Oct. 13, 2015) (When determining whether an award would be unjust, "[t]he Court has considered the economic impact an award of expenses would have upon the parties.").

Most significantly, a monetary sanction would be unjust because the County has apparently declined to consider or respond to Plaintiff's compromise offer. Parties have an obligation to "confer with one another concerning a discovery dispute and make

a reasonable effort to resolve the differences between them" before requesting court intervention. Local Rule 104(7). It would be unjust to issue a $1,390 penalty when, based on the limited information in the County's initial motion and Plaintiffs' opposition, good-faith negotiation may avoid the need for sanctions altogether. *See Flame S.A. v. Indus. Carriers, Inc.*, No. 13-cv-658-LRL, 2014 WL 4809842, at *6 (E.D.Va. Sep. 25, 2014) (finding that it would be unjust to award plaintiff reasonable expenses because its effort to resolve the dispute without court intervention was "half-hearted at best").

**III. Conclusion**

For the foregoing reasons, the County's motion for sanctions will be denied. The parties are encouraged to confer and make reasonable efforts to resolve this discovery dispute. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge